ECKERT v. WILKLOW et al.

(Supreme Court, Special Term, Ulster County. February 10, 1899.)

WILLS—CONSTRUCTION—CONTINGENT DEVISE TO A CLASS.
· Testator gave his daughter a fee, provided she should die with living issue, and otherwise he gave the same to his children, to be shared equally. *Held*, that the estate should go to the children living at the time of the daughter's death, where she left no issue.

Action of partition by Lottie E. Eckert against Isaac E. Wilklow and others.

Milton O. Auchmoody, for plaintiff.

G. G. & J. B. Keeler, for defendants Theodore Wilklow and Philip H. Wilklow.

Charles W. Walton, for defendant Henry Ten Hagen.

Lewis Castle Freeman, for defendant William F. Freeman.

BETTS, J. This is an action brought to obtain partition and sale of certain premises in the town of Marbletown, Ulster county. The only question litigated before me has been as to the parties who took under a certain clause of the will of one John D. Wilklow, who died on February 22, 1881, seised of the premises in question. The premises described in the complaint were devised in that will, as follows:

"I give and bequeath to my daughter Sarah Eliza Wilklow all [describing the premises in question], to have and to hold the same forever, if the said Sarah Eliza dies with living issue; but, if she dies without living issue, then from and immediately after her decease I give and bequeath the same to my children, to share and share equally and alike."

At the time of the death of John D. Wilklow, the testator, he left eight children surviving him, besides Sarah Eliza. Sarah Eliza died, without leaving living lawful issue, in February, 1898. Subsequently to the death of John D. Wilklow, and prior to the death of Sarah Eliza, and on April 16, 1891, Mary A. Ten Hagen, one of the children of John D. Wilklow, died. She left a last will and testament, which was duly admitted to probate, and in which she devised to her husband, Henry Ten Hagen, all her real estate. The plaintiff and the defendant, tenants in common, claim that Mary A. Ten Hagen took no share of this real estate in question under the will of John D. Wilklow, and that there are only seven shares or tenants in common in said real estate. Henry Ten Hagen puts in

an answer, and claims that his wife was seised of an interest which was devisable, and that, as the devisee of his wife, he is entitled to an undivided one-eighth interest in the premises in question.

The only question, then, before me, is whether there are seven shares or interests or eight shares or interests in such real estate. The provision in the will of John D. Wilklow was a contingent devise to a class. In Re Baer, 147 N. Y. 348, 41 N. E. 702, the provisions of the will were very like the one in question. There one Gomez left a will, in which the property in question was disposed of by the residuary clause, wherein testatrix devised same to her executors, as trustees in trust for the use of her daughter Emeline; in case of her death leaving issue, to convey the same to such issue. In case Emeline died without issue, the trustees were directed to apply the rents and profits of the property for the use and support of the other daughter, Matilda, during her natural life, and, upon her death, to convey the same "to the children and lawful heirs of my brother, Harmon Hendricks, deceased, to share and share alike per stirpes." Emeline died intestate and without issue. Matilda subsequently died, and the estate in remainder passed to such heirs of Harmon Hendricks as were contemplated by the will. At the time of the death of the testatrix, Gomez, Harmon Hendricks had 10 children living, all of whom died before Emeline, to whom the first life estate was devised. Some of these children left wills, under which any interest in the real estate in question vested in the testators passed. In a partition action, none of the devisees of these children were made parties, but all persons who answered to the description of the living heirs of Harmon Hendricks, on December 6, 1893, the date of the death of Matilda, were made parties. The purchaser at the partition sale objected to taking the title, on the ground that the devisees under the wills of said certain children of Harmon Hendricks should have been made parties. The supreme court denied his claim, and the court of appeals affirmed the order appealed from, and denied the motion of the purchaser to be relieved, and held:

"Where final division and distribution is to be made among a class, the benefits of the will must be confined to those persons who come under the category at the date when the distribution or division is directed to be made."

And in a very similar case, Bisson v. Railroad Co., 143 N. Y. 125, 38 N. E. 104, the court of appeals held:

"Though the heirs of the testator were determinable at his death, yet the gift to them was not, by the terms of the will, to vest in possession until after the termination of the life estate given to the widow. That was the time fixed for the gift to take effect, and then was the time when the persons would be ascertained who, coming under the description of heirs of the testator, would be entitled to share with the heirs of his widow in the distribution of the estate. Within that time the number of his heirs might be diminished by death or increased by births."

These are the rules of construction that must be taken in cases of this kind, unless some different meaning of the testator can be ascertained from the context of the will. I can gather no different meaning from the whole will before me. The words "from and im-

mediately after her decease" refer to Sarah Eliza, and would seem to lend additional strength to the rule that the testator intended the premises in question to go to the children living at the time of Sarah Eliza's death. Time may be said to enter into the substance of a gift or devise when the existence of such a gift or devise depends upon a contingency which may or may not happen. It is so in this case. If Sarah Eliza had left living issue, none of the other children would have taken anything, since she did not leave issue, only those children of John D. Wilklow living at her death take under his will.

The defendant Henry Ten Hagen relies largely upon the case of Hennessy v. Patterson, 85 N. Y. 91, to sustain his contention that he, as devisee under the will of Mary A. Ten Hagen, is entitled to a one-eighth interest in the property in question. But the will in that case provided, in effect, for two life estates; and, if the second life tenant left no issue, then the premises in question were devised to one John Foley. The second life tenant left no issue, but Foley died prior to the second life tenant. The court held that Foley took a contingent interest, which vested in him as a right upon the death of the testator, and which descended to his heirs. The difference between that case and this is that that was a devise to a certain person. It was not a devise to a class. Courts are inclined to give that construction to a will which will prevent a whole or partial intestacy, rather than have the particular estate pass by the laws of descent. By that clause of the will in that case, John Foley must necessarily have taken an interest, else there was no residuary devisee. That is not this case. Here there was a class of seven children living at the time of the decease of Sarah Eliza, which satisfied the terms of the particular clause in question in this will.

I hold, therefore, that there are only seven shares or interests in this real estate in question, and that Henry Ten Hagen, as devisee of his wife or otherwise, has no share or interest therein. An interlocutory judgment in partition may be handed up in accordance with this memorandum.