(139 App. Div. 423.)

### RIKER v. GWYNNE.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

Wills (§ 498*)—Designation of Devisees—"Issue."

A testatrix left all her real property to her husband for life, or until his remarriage, and, upon his death or remarriage, she devised it to her brothers "in fee simple and share alike," with the qualification that if either brother should die before testatrix, or before the death or remarriage of her husband, "not leaving lawful issue him surviving, then the survivor of them shall have and take the share of the said real and personal estate which the deceased if living would have taken, but if the deceased shall leave lawful issue, then I give and devise and bequeath to such issue their parent's share in said real and personal estate." The will further directed that the executor take charge of her estate during the life, or until the remarriage, of her husband, pay the rents and income to her husband, and, after the death or remarriage of her husband, to deliver said real estate to her brothers "or to such other person or persons as shall be entitled to same" under the will. Held, that "issue," as used in the will, meant descendants, and was not limited to the children of the deceased brothers, and therefore, where one of the brothers died before the death or remarriage of the husband, leaving a bankrupt child surviving, and such child conveyed his interest in the real property to his mother, and died before the death or remarriage of the husband, the conveyance was void, as his interest vested in his children under the will on the death of the bankrupt.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. § 498.*

For other definitions, see Words and Phrases, vol. 4, pp. 3782–3792; vol. 8, p. 7693.]

Miller and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Samuel Riker, Jr., as trustee in bankruptcy of Edward E. Gwynne, against Helen S. Gwynne, as administratrix of the estate of Edward E. Gwynne. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

See, also, 116 N. Y. Supp. 10.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

C. R. Waterbury (Dallas Flannagan, of counsel), for appellant.
Henry Necarsulmer (Max J. Kohler, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

INGRAHAM, P. J. The property in question was owned by Edith C. Gill, who died leaving a last will and testament which was admitted to probate in May, 1899. By that will she left all her real property to her husband for life or until his remarriage. He is still living and unmarried and in possession of the property in question. Upon the death or remarriage of her husband she devised her real property to her brothers David and Abraham "in fee simple and share alike," with this qualification:

"Should either of my said brothers die before me or before the death or the remarriage of my said husband not leaving lawful issue him surviving, then the survivor of them shall have and take the share of the said real and personal estate which the deceased if living would have taken. But if the deceased shall leave lawful issue *then* I give and devise and bequeath to such issue their parent's share in said real and personal estate."

And by the fifth clause of the will the testatrix directed her executor to take the charge, management and control of her estate during the life or until the remarriage of her husband, to pay the rents and income therefor to her husband, and "from and after the death of my said husband or his remarriage to deliver over all and singular said real estate to my said brothers David Eli Gwynne and Abraham Evan Gwynne or to such other person or persons as shall be entitled to same pursuant to the terms and conditions of this will."

In construing this will we must first ascertain the intent of the testatrix; and the question that confronts us is, to whom did she intend that her real property should go on the death or remarriage of her husband? If her brothers survived her husband, there would be no question but that she intended that they should take estate in fee simple; but she realized that her husband might survive one or both of her brothers, and made provision for that contingency. If the one dying left no issue him surviving (issue here clearly meaning descendants) then the survivor was to take; but if the deceased brother should leave lawful issue him surviving, then the testatrix gave and bequeathed the deceased brother's share to "such issue." The use of the word "issue" is significant. If it had been intended to confine the devise of the remainder to the children of the deceased brother, that word would have been used instead of one which is capable of a more extended meaning, and which as ordinarily used includes descendants to whatever degree. The intent throughout the will was that the persons who were to take were to be determined at the death of the testatrix's husband. Thus, as is said, futurity was of the substance of the gift. It was only in the event that the brothers survived the husband that they could take. "Should my brothers die * * * before the death or remarriage of my said husband" *then* the survivor should take if he left no issue; but if the deceased left lawful issue, "then I give and devise and bequeath to such issue their parent's share in said real and personal estate"; and then to make clear the meaning of the fifth clause of the will, she expressly directed the executors from and after the death of her husband "to deliver over all and singular said real estate" to her brothers or to such other person or persons as should be entitled to the same pursuant to the terms and conditions of

the will. It would not be disputed, I think, that the surviving brother would not be entitled to the real property to the exclusion of the grandchildren of a deceased brother, and yet, if the word "issue" is limited to children, and the deceased brother left no child, but left grandchildren, I do not see why the surviving brother would not be entitled to the property. If the words "such issue" include the grandchildren of the deceased brother, I cannot see why such grandchildren constituting the "issue" of the deceased brother at the death or remarriage of the husband would not be entitled to have the executors deliver over to them the real property to which they were entitled by the terms of the will.

In every provision of this will the gift and the direction to deliver over speak as of the time of the death or remarriage of the testatrix's husband, and I think it was clearly the intention to preserve this property to her brothers or their descendants at the time of her husband's death or remarriage. David Eli Gwynne died in May, 1900, leaving the bankrupt, a child, surviving. On July 8, 1901, the bankrupt conveyed his interest in this real property to his mother. This conveyance would only be effectual to convey any interest in this property if he outlived the life tenant. It is this conveyance that the court has held was void as to creditors, and that there was vested in the plaintiff as trustee in bankruptcy the bankrupt's interest in said property; but, as I construe the will, that interest was divested by the death of the bankrupt before the death of the life tenant. The bankrupt died in May, 1904, the life tenant surviving, and thereby the bankrupt became divested of any interest in the property, which vested in the "issue" of David E. Gwynne, which included the bankrupt's children and neither the bankrupt granted nor his trustee took any interest in the property.

It follows that the judgment should be reversed and the complaint dismissed, with costs in this court and in the court below.

CLARKE and SCOTT, JJ., concur.

MILLER, J. (dissenting). This action is brought by the plaintiff as trustee in bankruptcy of Edward E. Gwynne, deceased, to set aside a conveyance of real estate, made by the bankrupt to his mother, upon the ground that it was made with intent to hinder, delay, and defraud creditors. Upon the merits of that question, we see nothing to add to what was said by Mr. Justice Scott on the former appeal. 129 App. Div. 112, 113 N. Y. Supp. 404. While there is some additional evidence, respecting prior advances of money by the mother to the son that did not prove that such advances were loans, or that they constituted the consideration for the conveyance in question. The death of the fraudulent grantor, however, presents a point which was not considered upon the former appeal.

While it is conceded that Edward E. Gwynne took a vested remainder under the will of Edith O. Gill, the infant defendants now assert that that interest was divested upon his death, and that they take under the will of Mrs. Gill. It is urged that the question thus pre-

sented should not be adjudicated in this action. However, all of the parties are before the court. If the contention of the appellants is sound, it would be an idle thing to set aside the conveyance in question; and the failure to pass upon the question now will merely remit the parties to another lawsuit.

We are thus called upon to construe a clause of the will of Mrs. Gill. It is as follows:

"On the decease or the remarriage of my said husband, I give and devise all and singular the real estate above devised to my husband for and during his natural life or until he shall remarry, to my brothers David Eli Gwynne, and Abraham Evan Gwynne in fee share and share alike. I also give and bequeath to my said brothers to be equally divided between them, all my personal property from and after the decease or remarriage of my said husband. Should either of my said brothers die before me, or before the death or the remarriage of my said husband not leaving lawful issue him surviving, then the survivor of them shall have and take the share of the said real and personal estate, which the deceased, if living would have taken. But if the deceased shall leave lawful issue, then I give and devise and bequeath to such issue their parent's share in said real and personal estate."

The said David Eli Gwynne survived the testatrix but died before the life tenant, leaving him surviving his son, the said Edward E. Gwynne. The infant defendants are the children of said Edward E. Gwynne. William F. Gill was living and unmarried at the time of the death of said Edward E. Gwynne.

It may be conceded that "issue" includes grandchildren, and that a gift to issue imports a gift to a class. The sole question is one of construction to determine the point of time fixed by the testatrix for determining those constituting the class who were to take. If that was not to be determined until the death of the life tenant, it must be conceded that, though the remainder vested in Edward E. Gwynne upon the death of his father, David Eli Gwynne, it became divested upon his death before the death of the life tenant. If, however, the testatrix fixed upon a point of time for determining the members of the class, anterior to the death of the life tenant, such remainder vested in the said Edward E. Gwynne and was not subject to be divested. The testatrix devised the remainder to her two brothers in equal shares. If she had stopped there, they would each have taken a vested remainder in an undivided one-half, not subject to be divested. But by the subsequent provision, she provided in express terms that the share of either should be divested upon his death before the death or remarriage of her husband, and that, in case of his death leaving issue, his share should go to such issue. *Such issue* plainly meant the issue living upon the death of the parent. If the said Edward E. Gwynne had left no issue, his uncle, the said Abraham Evan Gwynne, could not have taken the remainder in question under the will, for, by the express terms of the will, the surviving brother could take the share of the deceased brother only in case the latter died "not leaving issue him surviving." That event—i. e., the death of the brother—fixed the point of time for determining who should take. The testatrix did not look so far into the future as to contemplate successive deaths and successive divestings, but provided only for one event, upon which the remainder was to become divested, and was at once to vest absolutely in the issue

of the one dying, if he left issue, or in the survivor. The said Edward E. Gwynne was the issue left upon the death of David Eli Gwynne, and he took a vested remainder, which was not subject to become divested.

We have examined the cases cited by the appellants, but none of them applies to this case.

The judgment should be affirmed, with costs.

LAUGHLIN, J., concurs.