UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of BENJAMIN NATHAN, Deceased, Plaintiff, *v.* HARMON H. NATHAN et al., Defendants.

(Supreme Court, New York Special Term, July, 1920.)

Wills — construction of — trusts — residuary estates — meaning of " descendants "— Statute of Distributions.

The will of testator, made in 1869, who was survived by his widow and nine children, created a trust fund for each child and provided that upon the death of either of his sons before attaining a certain age or of either of his daughters, leaving no issue him or her surviving, the principal of the trust fund of such child or children, so dying, with any unapplied income thereof should be paid to the testator's executrix and become a part of the residuary estate, with *proviso* that if testator's widow was not then living " then I give and bequeath the same to my descendants according to the law of the state of New York now in force regulating the distribution of personal property in case of intestacy." One of testator's daughters died in 1918, without surviving issue, and of all her brothers and sisters only three survived her. Of the five that predeceased her only two left issue surviving her and her mother also died before her. *Held,* that testator meant by " descend-

ants" those answering that description at the date of the death of said daughter.

The words " according to the laws of the state of New York now in force," etc., establish that the distribution intended was *per stirpes* and not *per capita,* and certain infant descendants of the testator, whose parents are still living, are not entitled to participate on the principle of a *per capita* distribution.

Action to construe the 17th paragraph of the will of Benjamin Nathan, deceased, and to pass the account of the plaintiff as trustee under said will.

Stewart & Shearer (McCready Sykes, of counsel), for plaintiff.

Rose & Paskus (Lawrence S. Coit, of counsel), for defendants Harmon H. Nathan and Julian Nathan.

Leventritt, Cook, Nathan & Lehman (Harold Nathan, of counsel), for defendants Maud Nathan and Harold Nathan, as executors of the will of Frederick Nathan.

Hays, Hershfield & Wolf (Daniel P. Hays, of counsel), for defendant Pennsylvania Company, etc., as sole surviving executor of the estate of Lucien Moss, deceased.

Goldsmith, Cohen, Cole & Weiss (Robert E. Samuels, of counsel), for defendants Arthur N. Wolff, John B. Wolff and Frances Wolff Cullman.

Sidney B. Cardozo (Michael H. Cardozo, Jr., of counsel), for Ernest A. Cardozo, guardian *ad litem* of the infant defendants Anita Rosalie Cardozo and Michael H. Cardozo.

Henry F. Wolff, guardian *ad litem* for the infant defendants John B. Wolff, Jr., Ralph Fuller Wolff,

Frances Nathan Cullman, Joseph J. (H.) Cullman, 3d, William Arthur Cullman, Edgar Meyer Cullman and Lewis Benjamin Cullman.

Walter S. Newhouse, guardian *ad litem* of the infant defendants Alan Hart Nathan and Constance Miriam Nathan.

Meyer M. Friend, guardian *ad litem* for Edgar Raphael Peixotto and others, infant defendants.

GIEGERICH, J.   The plaintiff trustee asks for a construction of one of the paragraphs of the will of its testator, Benjamin Nathan, who died in July, 1870, the will having been made in 1869.  The portion of the will presented for construction, so far as it is necessary to quote it, reads as follows:

" *Seventeenth.* I give and bequeath to the United States Trust Company of New York as many sums of seventy-five thousand dollars each as I shall leave daughters me surviving; and I also give and bequeath unto said company as many sums of seventy-five thousand dollars as I shall leave sons me surviving who are not included in the sixteenth article or clause of this my will: in trust to invest each of said sums of seventy-five thousand dollars separately according to its best discretion  *  *  *  and to hold one of said sums so invested in trust for each of my children described in this article of my will, and to accumulate the interest or income thereon (of each share or trust fund separately) during their respective minorities. *  *  *  And in respect to the said trust funds for my daughters upon the further trust when any one of my daughters arrives at the age of twenty-one years (provided that be after my death) to pay over to such daughter to her sole and separate use, benefit and behoof, free from and in nowise to be subject to the

debts, engagements, liabilities or control of her hus-
band, all the accumulations of her said trust fund.
And thereafter as respects any daughter so arriving
at twenty-one years of age after my death and as
respects each of my daughters who shall at the time of
my death have attained the age of twenty-one years,
from and upon the creation of the trust to collect and
receive the rents, income, issues, interest, dividends
and profits of the principal of her said trust funds and
pay and apply the same from time to time, as col-
lected and received, to the use of the daughter for
whom the principal of said trust funds was set apart
and invested, to her sole and separate use, benefit and
behoof, free from and in nowise to be subject to the
debts, engagements, liabilities or control of any hus-
band (and without any power of anticipation on her
part) during the term of her natural life. And I
declare it to be my further will and intent that in case
of and upon the death of any son (except my son
Washington) provided for by this article of my will
before arriving at age, and also that in case of and
upon the death of any or either of my daughters,
except only my daughter Rosalie, at any time, leaving
issue him or her surviving, that the principal of his or
her share of such trust funds, with any unapplied
income thereof, shall and I do so direct be paid over to
his or her said issue according to the law of distribu-
tion of personal property of intestates now in force in
the State of New York. And in case of and upon the
death of either of my sons provided for in this article
before attaining twenty-one years of age, or of either
of my daughters (including my daughter Rosalie)
leaving no issue him or her surviving, that then the
principal of said trust funds of such child or children
so dying, with any unapplied income thereof, shall be
paid over to my executrix and form part of my residu-

ary estate hereinafter mentioned; but in case my wife shall not be then living, then I give and bequeath the same to my descendants according to the law of the State of New York now in force regulating the distribution of personal property in case of intestacy.''

The testator had nine children, all of whom survived him, as did also his widow. The share involved in the present action is the trust fund of $75,000 left for the benefit of the daughter Justina Cohen, who died in August, 1918, without issue surviving her. Of the testator's nine children who survived him only three survived Justina Cohen. Two of the five who predeceased her left issue surviving her, while the other three that predeceased her left no issue. The widow also predeceased her. The question is whether the words '' but in case my wife shall not be then living, then I give and bequeath the same to my descendants according to the law of the State of New York now in force regulating the distribution of personal property in case of intestacy '' mean descendants at the date of the death of the testator or descendants at the date of the death of his daughter Justina. If the former construction is placed upon the words, then portions of the $75,000 fund now under consideration go to persons not of the testator's blood, while if the latter construction obtains the entire fund goes to those who are of his blood. The counsel for the executors of Frederick Nathan, one of the testator's children who predeceased Justina without issue, makes a very able argument that the will created a vested remainder in the descendants of the testator him surviving, and that consequently the executors of Frederick Nathan are entitled to a share of the fund in question, notwithstanding the fact that his branch of the testator's family was extinct at the time of Justina's death. This argument is based chiefly upon the proposition that the draftsman of this will evidently used the

direction to " pay over " with careful discrimination, and that when he meant a gift *in præsenti,* he used the words " give and bequeath." In support of this proposition attention is called to the fact that in the paragraph under consideration the words " pay over " are used with respect to payment to Justina's issue, if any, and also with respect to payment to the testator's executrix; but that later, in coming to the provision which is now presented for construction, a different choice is made and the words used are " give and bequeath." It is unquestionably true that one of the rules of construction of wills is that where the only gift is in a direction to pay or distribute at a future time this fact will be taken as an indication of the testator's intent that futurity is annexed to the substance of the gift and that the vesting is suspended. *Everitt* v. *Everitt,* 29 N. Y. 39; *Warner* v. *Durant,* 76 id. 133; *Smith* v. *Edwards,* 88 id. 92; *Goebel* v. *Wolf,* 113 id. 405; *Dougherty* v. *Thompson,* 167 id. 472. It does not follow, however, that the use of the words " give and bequeath " necessarily denotes a present gift. The learned counsel who wrote the brief now under consideration expresses a doubt whether a single case can be cited in which a gift in remainder has been held to be contingent where there was no direction to pay or divide, but only an explicit gift in the words " I give and bequeath," and where there were no words of limitation to persons " then " living. The reply briefs, however, cite cases where the words " give and bequeath " have been used and where it has been held that the members of the class to whom the gift is thus made are to be ascertained not as of the date of the death of the testator, but as of some future date. Among the cases so cited are *Robinson* v. *Martin,* 200 N. Y. 159; *Riker* v. *Gwynne,* 139 App. Div. 423, and *Eckert* v. *Wilklow,* 26 Misc. Rep. 294. In the present instance,

however, it is not necessary to resort to general rules of construction to determine whether the testator used the words " give and bequeath " with reference to the time of his own death or to the time of the death of Justina. The context of the will shows what point of time he had in mind. He says " but in case my wife shall not be then living, then I give and bequeath the same to my descendants." It is clear beyond question that the first word " then " refers to the date of the death of Justina, and it is a natural if not an unavoidable inference that the words " give and bequeath " were used with respect to that date and not with respect to the date of the death of the testator. This construction, moreover, harmonizes with the general scheme of the will. There is manifested throughout the long instrument, consisting of twenty-three paragraphs and filling fourteen printed pages, an exceptional solicitude on the part of the testator that his property shall not pass into the hands of strangers to his blood. At the time he made his will he had nine children living and was creating trusts, some of which, in the natural course of events, would extend far into the future, and a man who gave so much thought to his will as this testator evidently did must have realized that if he gave the remainders in those trust funds to such of his descendants as survived him instead of to such as survived the expiration of the various trusts, then portions and perhaps large portions of some of such funds would in all probability go to strangers to his blood. Upon this consideration alone it is highly improbable that the testator, who was so careful to close the door in so many other instances in his will against the chance that any of his estate should pass into the hands of strangers, would have left this very wide opening for large portions of these various trust funds to go to others than his own

descendants. The briefs presented in support of the various contentions bearing upon the point above considered by me are numerous and have been prepared with great care by able counsel, and a large number of cases are cited. The briefs are of exceptional merit and ability, but I must refrain from any further discussion of the arguments contained in them. For the reasons above set forth I am satisfied that the testator intended that the descendants to whom the distribution now about to be made should be made were those answering that description at the date of the death of his daughter Justina. There remains one point to be disposed of, and that is the argument made on behalf of certain infant descendants of the testator whose parents are still living that they are entitled to participation in the distribution on the principle of a *per capita* distribution. It seems plain to me, however, that the words "according to the laws of the State of New York now in force regulating the distribution of personal property in case of intestacy" establish that the distribution intended by this testator was the statutory distribution *per stirpes* and not *per capita*. The plaintiff also asks for a settlement of its account, as to which there is no dispute, and it is, therefore, settled and allowed as prayed for. There should, therefore, be judgment in accordance with the views above expressed. The question of costs and allowances will be passed upon when the requests for findings are presented. Requests for findings may be submitted within five days after the publication of this memorandum. The papers so far received by me, including all exhibits and the stenographer's minutes, have been returned to the clerk, to whom all requests to find should be handed in, with proof of service.

Judgment accordingly.