In the Matter of the Estate of ABEL BENNETT, Deceased.

Surrogate's Court, Broome County, September 30, 1935.

*Rollin W. Meeker*, for the petitioners and as administrator, etc., of Abel Bennett, deceased; as administrator, etc., of James W. Johnson, Sr., deceased, and as assignee of Richmond B. Millard.

*Thomas B. Kattell*, for the First National Bank, assignee.

*Herbert H. Ray*, for Allen, judgment creditor and assignee of Norman B. Millard.

*Norman B. Millard* in person and by *William V. L. Turnbull*, his attorney.

*Ward N. Truesdell*, for Helen Millard King.

BAKER, S. The surviving successor trustee under the will of Abel Bennett, in connection with his application for the judicial settlement of his accounts, has applied to this court for a construction of the seventh paragraph of the will of decedent.

The material facts respecting the construction question as they appear from the record are as follows:

Testator executed his will September 20, 1887, and died June 11, 1889. The will was probated in this court June 17, 1889. At the time of the execution of the will, testator's daughter, Helen B. Millard, was the mother of two sons, Norman B. Millard and S. Charles Millard. A third son, Richmond B. Millard, was born March 20, 1894. These three were her only children. S. Charles Millard died intestate August 6, 1918, leaving him surviving his daughter, Helen Millard (now Helen Millard King), as his only heir at law and next of kin. No administrator of his estate has ever been appointed. Helen B. Millard died February 14, 1935, leaving her surviving the said Norman B. Millard, Richmond B. Millard and Helen Millard King as her only distributees.

With this background of facts the paragraph of the instant will, pertinent in this proceeding for construction, must next be examined.

" *Seventh.* I hold in trust for my daughter Helen B. Millard the sum of Eighteen thousand Dollars, and in addition thereto I give, bequeath & devise to my said executors in trust such a sum as will make the trust for the benefit of my said daughter twenty thousand dollars, said sum to be safely & securely invested and the income therefrom to be annually paid to my said daughter during her natural life, & upon her decease the principal sum to be paid to her children."

Under the function of interpretation of the said seventh paragraph of this will, two propositions are presented for solution:

*First.* Is the remainder vested or contingent?

*Second.* Does the term " children " as used include grandchildren?

These propositions will be answered in the order given.

In *Matter of Bump* (234 N. Y. 60) the Court of Appeals says (at p. 63): " In the construction of a will we seek the intent of the testator as exhibited by the words he has selected. Canons of construction may aid us. Based as they are upon general considerations; upon guesses as to what the average man would intend by this expression or by that, we rest upon them in the absence of more certain indications. Slight variations of phrase, however, or differences in arrangement may lead us to opposite results."

In the seventh paragraph of the instant will it will be noted there are no words or provisions which directly or indirectly import a present or vested gift or which indicate such an intent, but instead a gift to the executors in trust to invest the principal and pay the income therefrom to the beneficiary during her natural life, " & *upon her decease the principal sum to be paid to her children.*"

Where in the will there are no words of present gift and the gift is to be found only in a direction to divide or pay over at a future time, so that futurity is annexed to the substance of the gift, it is

contingent, and in such a case it is perfectly well settled that the gift will not vest in the remaindermen until the time for payment arrives. This is the so-called " divide and pay over " rule, and is a canon of construction applied in an effort to answer the primary question, namely, the testator's intention. (*Smith* v. *Edwards*, 88 N. Y. 92; *Delaney* v. *McCormack*, Id. 174, 183; *Delafield* v. *Shipman*, 103 id. 463; *Matter of Baer*, 147 id. 348, 354; *Clark* v. *Cammann*, 160 id. 315; *Matter of Crane*, 164 id. 71; *Wright* v. *Wright*, 225 id. 329; *Matter of Buechner*, 226 id. 440; *Matter of Bostwick*, 236 id. 242.)

I hold and determine that the gift over of the remainder under the seventh paragraph of the instant will is merely to be found in a direction to pay over the same upon the death of Helen B. Millard, and being to a class (*Matter of Kimberly*, 150 N. Y. 90; *Matter of King*, 200 id. 189; 1 Jarm. Wills [5th Am. ed.], 269; Schouler Wills & Administration [5th ed.], §§ 529, 530), must be confined to the members of the class living at the date when the division and payment is directed to be made. (*Teed* v. *Morton*, 60 N. Y. 506; *Goebel* v. *Wolf*, 113 id. 405, 411; *Matter of Smith*, 131 id. 239, 247; *Haynes* v. *Sherman*, 117 id. 433; *Matter of Baer, supra.*)

There remains for consideration the adjudication as to whether or not the term " children " as used by the testator in the seventh paragraph of the will at bar, was intended to include grandchildren. In *Matter of Schaufele* (252 N. Y. 65, 67) the Court of Appeals states the principle in this regard in the following language: " grandchildren are never interpreted as children unless the will as a whole shows that unmistakable intent. The term can be so interpreted only when reason demands it. (4 Kent's Commentaries, 419; *Beebe* v. *Estabrook*, 79 N. Y. 246, 250; *Prowitt* v. *Rodman*, 37 N. Y. 41, 58.) Before such a construction is justifiable, other expressions or clauses in the will must be found tending to contradict the use of a word which denotes immediate offspring, and to reveal a design to include descendants of a later generation. (*Matter of Truslow*, 140 N. Y. 599, 603; *Matter of Keogh*, 126 App. Div. 285, 287, 937; 193 N. Y. 603; *Pimel* v. *Betjemann*, 183 N. Y. 194, 200.)" (See, also, *Palmer* v. *Horn*, 84 N. Y. 516; *Davies* v. *Davies*, 129 App. Div. 379, 382; affd., 197 N. Y. 598; *Matter of King*, 217 id. 358, 361; *Matter of Pulis*, 220 id. 196; *Matter of Phipard*, 182 App. Div. 357; affd., 223 N. Y. 676.)

In the will at bar there is no indication in the context of the requisite " unmistakable intent " to the contrary, or nothing from the extrinsic circumstances to show that the word " children " was used in an enlarged sense. (*Palmer* v. *Horn, supra; Beebe* v. *Estabrook, supra; Prowitt* v. *Rodman, supra; Mowatt* v. *Carow*, 7 Paige, 328.)

As a result of these and many other authoritative adjudications, I further hold and determine that the term " children " as used by the testator in the seventh paragraph of the instant will, is to be confined to the members of the class who come within the appropriate category at the date when the division and payment is directed to be made, and does not include grandchildren or other descendants.

I further hold and determine that when the amount of the corpus of the trust created herein has been ascertained and determined as properly distributable under the provisions of the seventh paragraph of the instant will, by a decree to be hereafter entered in the accounting proceeding, that the same be divided between Norman B. Millard and Richmond B. Millard, equally, share and share alike.

Enter decree on five days' notice construing the will accordingly.