In the Matter of the Final Accounting of THE CITIZENS TRUST COMPANY OF SCHENECTADY, N. Y., as Substituted Trustee of the Trusts Created under the Last Wills and Testaments of GEORGE CURTIS and KATHERINE CURTIS, Deceased.

JOHN RICHARD SOFIO and EDWARD CURTIS SOFIO, Appellants; JOSEPHINE S. ANDERHEGGEN, ROBERT CURTIS SOFIO and EDWARD GANSEVOORT SOFIO, Respondents.

Third Department, October 27, 1937.

*George W. Featherstonhaugh* and *McDonald King*, for the appellants and for the petitioning trustee.

*Bates, Early & Kalteux*, for the respondents.

CRAPSER, J.  This is an appeal from a decree of the Surrogate's Court of Schenectady county which decree construed the fourth clause of the codicil of the last will and testament of George Curtis.

A construction of the last will and testament of Katherine Curtis, the wife of George Curtis, is asked, by the provisions of which she distributed the property in accordance with the codicil of her husband's will.

The parties to the proceedings have stipulated the facts to be as follows:

" 1. The Codicil to the Will of George Curtis was dated October 11, 1881.

" 2. The Will of Katherine Curtis, his wife, was dated October 11, 1881.

" 3. Said George Curtis died May 27, 1884, at which time his wife, Katherine Curtis, was living.

" 4. Katherine Curtis died November 21, 1887.

" 5. At the time of the execution of said Codicil and said Will George and Katherine Curtis had three children, Mary C. Curtis a daughter unmarried, Edward Curtis a son, Martha Wait Sofio a daughter married to Richard E. Sofio.  Said children were all living at the time of the death of George Curtis and at the time of the death of Katherine Curtis.

" 6. Ernest G. Sofio, son of Richard E. and Martha Wait Sofio was born March 20, 1873.

" 7. Sally (Sara) Oakly Sofio (Nazarri) daughter of said Richard E. and Martha Wait Sofio was born 1876.

" 8. Edward Sofio, son of said Richard E. and Martha Wait Sofio was born 1875.

" 9. Etelka Schindler, daughter of said Richard E. and Martha Wait Sofio was born 1883.

" 10. John R. Sofio, son of said Richard E. and Martha Wait Sofio was born 1884, shortly before or shortly after the death of George Curtis.

" 11. Ernest G. Sofio died August 28, 1928, without a will. No administrator was appointed. His debts have been taken care of.

" 12. Sally Sofio Nazarri died in 1912.

" 13. Said Martha Wait Sofio died November 27, 1935.

" 14. Said Mary C. Curtis died March 14, 1928, unmarried.

" 15. The next-of-kin of Ernest G. Sofio at the time of his death, all of whom are now living, are Josephine S. Anderheggen, daughter, Robert C. Sofio, son, Edward G. Sofio, son, and Sophie Sofio, his widow. The said Sophie Sofio has waived her one-third interest in the share of Ernest G. Sofio herein for the benefit of her said children equally.

" 16. The next-of-kin of Sally Sofio Nazarri living at the time of her death and now are Martha Nazarri, Sara Fishwick and Pierre Nazarri.

" 17. There were living at the time of the death of the life tenant Martha Wait Sofio and now the said next-of-kin of Ernest G. Sofio, the said next-of-kin of Sally Sofio Nazarri, Edward Sofio, said grandson, Etelka Schindler, said granddaughter and John R. Sofio, said grandson."

The fourth paragraph of the codicil reads as follows:

" All the rest and residue of my estate, I bequeath to my two daughters, to be equally divided between them, the share of my daughter Mary to be held by her absolutely and without any conditions, but the share of my daughter Martha, to be held by my Executors in trust, to pay the income thereof to her personally during her life, and at her death, to divide the principal among her children as they shall respectively become of age, in the meanwhile adding the income of their respective shares to the principal."

The attorneys for the respondents alleged before the surrogate that said paragraph should be construed as creating vested remainders in the children of the life tenant, the respective shares of the children who predeceased the life tenant going respectively to the distributees of each child so dying.

The attorneys for the appellants alleged before the surrogate and now allege that the estates of George Curtis and Katherine Curtis go to those of their grandchildren who survived their mother, to wit, Edward Curtis Sofio, John Richard Sofio and Etelka Schindler, in equal third parts.

In the paragraph of the instant will it will be noted that there are no words or provisions which directly or indirectly import a personal or vested gift or which indicate such an intent, but instead a gift to the executors in trust to invest the principal and pay the income therefrom to the beneficiary during her natural life, and upon her decease the principal sum to be paid to her children.

The will contains no words of a personal gift and the gift is found only in the direction to divide or pay over at a future time, so that futurity is annexed to the substance of the gift, it is contingent, and in such a case it is perfectly well settled that the gift will not vest in the remaindermen until the time for payment arrives. This is the so-called " divide and pay over " rule, and is a canon of construction applied in an effort to answer the primary question, namely, the testator's intention. (See *Smith* v. *Edwards*, 88 N. Y. 92; *Delaney* v. *McCormack*, Id. 174, 183; *Delafield* v. *Shipman*, 103 id. 463; *Matter of Baer*, 147 id. 348, 354; *Clark* v. *Cammann*, 160 id. 315; *Matter of Crane*, 164 id. 71; *Wright* v. *Wright*, 225 id. 329; *Matter of Buechner*, 226 id. 440; *Matter of Bostwick*, 236 id. 242.)

The word " children " in common parlance does not include grandchildren or any others than the immediate descendants in the first degree of the person named as the ancestor.

Where a final division and distribution is to be made among a class the benefits of the will must be confined to those persons who come within an appropriate category at the date when distribution or division is directed to be made. (*Matter of Pulis*, 220 N. Y. 196; *Matter of Schaufele*, 252 id. 65; *Pimel* v. *Betjemann*, 183 id. 200.)

As the result of these and many other authoritive adjudications we are constrained to hold the determination that the term " children," as used by the testator in the paragraph of the codicil of which construction is asked, is to be confied to the members of the class who come within the appropriate category at the date when the division and payment is directed to be made, and does not include grandchildren or other descendants.

The amount of the estate in the trust created in the fourth paragraph of the codicil of the will of George Curtis should be distributed under the provisions of said paragraph to Edward Curtis Sofio, John Richard Sofio and Etelka Schindler, in equal third parts.

The decree of the Surrogate's Court construing the fourth paragraph of the codicil to the will should be reversed and the proceeding remitted to the Surrogate's Court of Schenectady county for the entry of a decree in accordance with this opinion. Costs are awarded to all parties filing briefs in this court payable out of the estate.

HILL, P. J., RHODES and McNAMEE, JJ., concur; HEFFERNAN, J., dissents, on the authority of *Matter of Chalmers* (238 App. Div. 672; affd., 264 N. Y. 239).

Decree construing the fourth paragraph of the codicil to the will reversed and proceeding remitted to the Surrogate's Court for the entry of a decree in accordance with opinion, with costs to all parties filing briefs, payable out of the estate.