In the Matter of the Accounting of Lafayette Hanchett et al., as Trustees under the Will of Fred E. Himrod, Deceased, Petitioners.

Surrogate's Court, Westchester County, July 16, 1943.

*Richard Kelly* for petitioners.

*Anthony Fischette* for Arnold F. Mitchell, as executor of Grace T. Mitchell, deceased.

*William R. Condit,* special guardian.

MILLARD, S. The will of this decedent, dated July 14, 1921, was admitted to probate herein on November 20, 1925. On this trustees' accounting, petitioners request a construction of the will, the pertinent portions of which read as follows:

*" Seventh:* — I give and bequeath to my friend, Mrs. HELEN G. DURFEE, wife of Frank E. Durfee, now residing at Providence, Rhode Island, who is also a very close and dear friend of my wife, an annuity of THREE THOUSAND DOLLARS each and every year so long as she shall live, * * * and that my Executors shall set apart and hold in trust sufficient of my estate to ensure the payment of the said * * * sum * * * to my friend, Mrs. HELEN G. DURFEE, so long as she shall live, * * *.

*" Eighth:* ALL the rest, residue and remainder of my estate, as well real as personal, wheresoever and whatsoever the same may be, whereof I die seized, possessed or entitled to, I give, devise and bequeath to my Executors hereinafter named, to have and to hold, in Trust, nevertheless, in the manner and for the uses and purposes following, to wit:

" (1) To divide my said estate into four (4) equal parts or shares:

" (2) One (1) of said parts or one-fourth (¼) of my said estate to be set aside and held in one separate and distinct trust, to be separately managed and invested and, from time to time, as need be, re-invested for the benefit of my wife, HELEN B. HIMROD, * * *. Upon the decease of my wife, * * * in the event of her re-marriage, the said trust estate or fund so set apart for her benefit, with all accumulations of interest thereon, if any, shall be divided into as many equal parts as there are trusts then existing for the benefit of my children as created by sub-division (3) of this paragraph, and the principal of each of such trusts then existing shall respectively be increased by adding to each of such then existing trusts one of such equal parts.

" (3) The three (3) remaining parts or three-fourths (¾) of my said estate to be set aside and held in four (4) separate and distinct trusts, to be separately managed and invested and, from time to time, as need be, re-invested, for the benefit of each of my four (4) children, ELEANOR C. HIMROD, GRACE T. HIMROD, LAWRENCE C. HIMROD and VINCENT J. HIMROD, and to

receive the income, interest, issues and profits from each of said trust funds for the benefit of each of my four (4) children until they each separately shall have attained the age of twenty-five (25) years, and thereafter to deliver to such child said income, interest, issues and profits herein created, subject to the payment of the installments of principal as hereinafter provided. When each of my said children in this sub-division named shall reach the age of twenty-five (25) years, or in the event that he or she shall have attained that age at the time of my decease, then I direct my Executors and Trustees to pay to such child, upon reaching such age, one-third (⅓) of the principal of the separate trust so held for such child; and upon his or her arrival at the age of thirty (30) years, to pay to such child another one-third (⅓) of the principal of the separate trust so held for such child, and upon his or her arrival at the age of thirty-five (35) years to pay to such child the balance of the principal of the separate trust so held for him or her.

" Upon the decease of any of my said sons or daughters and in the event that said separate trust so held for his or her benefit shall not have been fully paid and delivered to him or her in his or her life-time, or in the event that he or she shall have pre-deceased me, then the whole or so much of said trust, with all accumulations thereon as may remain in the hands of my Executors and Trustees, I give and bequeath unto the child or children of such deceased child equally, share and share alike, and if such deceased child shall leave no issue surviving, then to his or her brothers or sisters, or brother or sister, in this paragraph named, in equal shares, and to the issue of any of said brothers or sisters as may be then deceased, *per stirpes* and not *per capita.*"

Helen G. Durfee, the annuitant named in the above-quoted " *Seventh* " paragraph of the will, died on September 19, 1942. Petitioners are now accounting for the balance remaining in the annuity fund. Grace T. Mitchell died testate on September 14, 1942, having theretofore attained the age of thirty years on July 25, 1941. She was survived by her husband, Arnold F. Mitchell, named in and who qualified as executor under her will, and by two children, both of whom are infants under the age of fourteen years. It is alleged that under the provisions of her will, she left all of her property to her surviving husband. No part of the said annuity fund has been paid to the issue of Grace T. Mitchell or to her estate. Arnold F. Mitchell, as such executor, asserts a claim to two sixteenths of the fund as an asset of the estate of his deceased wife. The special

guardian for the two surviving infant children of the said Grace T. Mitchell contends that since the mother of his wards predeceased the annuitant, no title or interest in said fund ever became vested in her, and that therefore any interest in said fund, to which the said Grace T. Mitchell would have been entitled had she survived the annuitant, vested in and passed to her children under the provisions of the will of this decedent.

Since the will contains no express direction governing the disposition of the balance remaining in the annuity fund, the first question presented for determination is whether or not such fund passes under the residuary clause in the will or is distributable in accordance with the laws governing intestate estates. It is a well-established principle of law that, if possible, the court will impute to the testator an intent that he did not wish to die intestate (*Matter of Hayes*, 263 N. Y. 219). The pertinent language of the residuary clause has been quoted *supra*. In my opinion the language therein employed is sufficiently broad and comprehensive to include all interests not otherwise effectually disposed of, including the fund in question (*Matter of Crossman*, 113 N. Y. 503). It follows that, upon the death of the annuitant, said fund became a part of the residuary estate and is distributable in the manner provided in paragraph "*Eighth*" of the will. The testator therein directed that his residuary estate be divided into four equal parts, or shares, one in trust for the benefit of his widow, who is still living, and the remaining three parts in four separate and distinct trusts for the benefit of each of his named four children. With respect to the separate trusts for each of said children, the will provides that upon each child's attaining the age of twenty-five, one third of the corpus of his or her trust be paid to him or her, one third upon attaining the age of thirty years, and the remaining one third upon attaining the age of thirty-five. The said Grace T. Mitchell survived the testator and was thirty-one years of age at the time of her death. It is clear, therefore, under the terms of the will, that two thirds of the trust fund established for her benefit became vested in her prior to her death. The question now presented is whether this applies equally to the two sixteenths of the annuity fund to which it is clear she would have been entitled had she survived the annuitant.

Numerous authorities, in support of the two diverse contentions, have been cited. In considering questions concerning testamentary construction previous decisions are of little value (*Matter of Durand*, 250 N. Y. 45, 53), and, although canons of

construction may be an aid, they must always yield to the intent of the testator as exhibited by the words he has selected (*Matter of Bump,* 234 N. Y. 60, 63). In the will now before the court, the testamentary plan is a natural and simple one. By it, decedent sought to provide, not only for his wife and such of his children as would live to enjoy fully the benefits conferred upon them, but also to provide for the issue of those of his children dying before the termination of their respective trusts. The language employed to effectuate this plan is unambiguous. The only question is, therefore, whether or not the interest in the proportionate share of the annuity fund allocable to Grace T. Mitchell or her issue, was vested in her at the time of her death.

It is the contention of the executor under her will that such vesting did occur by reason of the fact that prior to her death the said Grace T. Mitchell had attained the age of thirty years; that at that time she acquired a two-sixteenths interest in the annuity fund, subject only to the rights of the annuitant. In my opinion, this contention cannot be sustained. First, such a construction would be inconsistent with the rights of the annuitant to receive not only the income from the fund set aside for her benefit, but, in addition thereto, such portion of the principal as might be required to pay the prescribed annuity (*Matter of Proctor,* 235 App. Div. 6). It is conceivable that the entire fund so set aside for the benefit of the annuitant may have been exhausted completely during her lifetime. This fund thus set aside at the express direction of the decedent to fulfill the particular purpose mentioned, remained so pledged until the death of the life annuitant. At that time, and not before, could it be ascertained that a surplus of that fund existed. Delivery therefore was impossible so long as the life annuitant lived (*Matter of Bostwick,* 236 N. Y. 242; *United States Trust Co.* v. *Nathan,* 112 Misc. 502, affd. 196 App. Div. 126, affd. 233 N. Y. 505).

Secondly, there is no testamentary language indicating a present gift of the fund. On the contrary, the directions contained in paragraph "*Eighth*" with respect to the disposition of the remainder interests clearly indicate that futurity is annexed to the substance of the gifts, and that the time of vesting was intended to be deferred until the hour of delivery and distribution had arrived. (*Matter of Curtis,* 252 App. Div. 256, affd. 278 N. Y. 589; *Matter of Buttner,* 125 Misc. 224, mod. 215 App. Div. 62, mod. 243 N. Y. 1; *Matter of Burdsall,* 128 Misc. 582, affd. on opinion below, 221 App. Div. 756.) That hour arrived on the death of Helen G. Durfee, the annuitant, and

not before. (*Matter of Bostwick*, 236 N. Y. 242.) In my opinion, there were two prescribed conditions to a vesting in the designated children; one, that they attain the stated ages and, secondly, that they survive. The daughter Grace T. Mitchell satisfied one and only one of the prescribed conditions. She had attained the age of thirty years, but concededly did not survive the annuitant. Had she survived the annuitant and thereafter died, there would have been an absolute vesting in her as to a two-sixteenth interest, subject to disposal under her will. Since, however, she did not so survive, the interest in question passed under the will of this decedent to, and became vested in, the two surviving children of the said Grace T. Mitchell, the designated substitutionary legatees. (*Matter of Curtis*, 252 App. Div. 256, affd. 278 N. Y. 589, *supra; New York Life Insurance & Trust Co.* v. *Winthrop*, 237. N. Y. 93; *Matter of Taylor*, 34 N. Y. S. 2d 200; *Matter of Bennett*, 156 Misc. 694; *Matter of Burdsall*, 128 Misc. 582, affd. 221 App. Div. 756, *supra.*) The will is so construed.

Settle decree accordingly.