In the Matter of the Will of J. MELVIN SAMSON, Deceased.

CLARA H. VAN GORDEN, Individually, and as Executrix of J. MELVIN SAMSON, Deceased, and of EMMA C. KNIGHT, Deceased, Appellant; JAMES M. POOLE et al., Respondents.

(Argued October 2, 1931; decided November 17, 1931.)

*Clayton R. Lusk* for appellant. The residuary estate should be divided *per stirpes* between the descendants of the brother and sister, the descendants to each receive one-half. (Dec. Est. Law, § 98, subd. 5.) Subdivision 11 of the Decedent Estate Law deals with distribution in all cases of next of kin of unequal degrees of kindred and provides for distribution in one-half shares. (*McGregor* v. *Comstock*, 3 N. Y. 408; *Luhrs* v. *Eimer*, 80 N. Y. 171; *Jackson* v. *Fitz Simmons*, 10 Wend. 9.)

*Israel T. Deyo* for respondents. Under the Statute of Descent, nephews and nieces share *per capita* and grandnephews and grandnieces, children of deceased nephews and nieces, share *per stirpes* in the real property of an intestate who dies leaving no lineal descendants, the grandnephews and grandnieces taking by representation the shares which would have gone to their deceased parent if living. (*Jackson* v. *Thurman*, 6 Johns. 322; *Hannan* v. *Osborn*, 4 Paige Ch. 336; *Pond* v. *Bergh*, 10 Paige Ch. 140.) The two nieces of testator living at the time of his death are each entitled in her own right to one-fifth of the residuary estate, and the children of each of testator's three deceased nieces are entitled by representation to the one-fifth interest in the residuary estate to which their deceased mother would have been entitled if living. (*Matter of Samson*, 233 App. Div. 173; *Matter of Prote*, 54 Misc. Rep. 495; *Matter of Devoe*, 107 App. Div. 245; 185 N. Y. 536; *Matter of Rowe*, 103 Misc. Rep. 111; 197 App. Div. 449; *Matter of Hadley*, 43 Misc. Rep. 579; *Matter of Fleming*, 48 Misc. Rep. 589; *Hyatt* v. *Pugsley*, 23 Barb. 285; *Kelly* v. *Kelly*, 5 Lans. 443; 61 N. Y. 47; *Matter of Healy*, 27 Misc. Rep. 352; *Beer* v. *Orthaus*, 125 App. Div. 574; *Adams* v. *Smith*, 20 Abb. N. C. 60.)

O'BRIEN, J.   The will of J. Melvin Samson, who died in 1929, gave the residue of his estate to " my next of kin * * * according to the statute for the distribution of the effects of persons dying intestate." He left him surviving no widow, descendant, brother or sister. A brother and a sister had predeceased him, leaving issue, and the only collaterals remaining as next of kin were two nieces, daughters of the deceased sister, and eight grandnephews and grandnieces, sons and daughters of three deceased nieces who were daughters of the deceased brother. The Surrogate divided the estate into two equal shares. One he directed to be distributed to the two nieces, the other share to the grandnephews and grandnieces. The Appellate Division, in reversing, directed a division into five equal shares, one share to each of the surviving nieces and the three shares to which, if living, the three deceased nieces would have been entitled to the grandnephews and grandnieces *per stirpes*.

Section 98 of the Decedent Estate Law (Cons. Laws, ch. 13), as it existed in 1929, provided: Subdivision 5. " If there be no widow, and no children, and no representative of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives; and if all the brothers and sisters of the intestate be living, the whole surplus shall be distributed to them; if any of them be living and any be dead, to the brothers and sisters living, and the descendants in whatever degree of those dead; so that to each living brother or sister shall be distributed such share as would have been distributed to him or her if all the brothers and sisters of the intestate who shall have died leaving issue had been living, and so that there shall be distributed to such descendants in whatever degree, collectively, the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degree." Subdivision 10:

" Where the descendants or next of kin of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal." Subdivision 11: " When such descendants or next of kin are of unequal degrees of kindred, the surplus shall be apportioned among those entitled thereto, according to their respective stocks; so that those who take in their own right shall receive equal shares, and those who take by representation shall receive the share to which the parent whom they represent, if living, would have been entitled."

Decedent's next of kin were of unequal degree. The nearest class of survivors was the one which included the two nieces. In that class belonged also the three deceased nieces. If all had been living, each of the five would have taken an equal share (Subd. 10). Under subdivision 5 the whole surplus must be divided among the two survivors and the representatives of the three deceased. If the two survivors take in their own right, each shall take the same proportion. The grandnephews and grandnieces being in a degree of kindred to the deceased unequal with the nieces, they as representatives of their parents share in the proportionate parts to which those parents as nieces would have been entitled.

The two surviving nieces take in their own right. They do not represent any one but take directly as members of the nearest class of relationship to the intestate. The " respective stocks " (Subd. 11) are determined by the nearest surviving blood relatives. (*Hyatt* v. *Pugsley*, 23 Barb. 285, 300, 301.) In *Luhrs* v. *Eimer* (80 N. Y. 171) the sister was the nearest blood relative who was not disabled by alien citizenship and, therefore, she took directly and in her own right. Here, no brother or sister survived and the " stock " consisted of the class to which the living nieces belonged rather than the class of brothers and sisters all the members of which were dead. The clause in subdivision 5 which reads " and the same rule shall prevail as to all direct lineal descend-

ants of every brother and sister of the intestate whenever such descendants are of unequal degree," cannot mean, when nieces survive and all brothers and sisters have predeceased the intestate, that the brothers and sisters constitute the " stock."

The result reached by the Appellate Division is supported by all the authorities in this State for more than a century. The law as announced in those decisions has become a rule of property. (*Pond* v. *Bergh,* 10 Paige Ch. 140; *Kelly* v. *Kelly,* 5 Lans. 443; *Hyatt* v. *Pugsley,* 23 Barb. 285; *Matter of Devoe,* 107 App. Div. 245; affd., 185 N. Y. 536; *Matter of Prote,* 54 Misc. Rep. 495; affd., 133 App. Div. 928; *Matter of Rowe,* 103 Misc. Rep. 111; affd., 197 App. Div. 449; Jessup & Redfield's Surrogate's Practice [1925 ed.], pp. 1688, 1692, 1695.)

The order should, therefore, be affirmed, without costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur; POUND, J., not voting.

Order affirmed.