## In the Matter of the Estate of PRINCE H. FOSTER, Deceased.

Surrogate's Court, Suffolk County, September 6, 1932.

*Harry Paul Fishel*, for the trustee.

*Robert T. Oliver*, for Hattie Foster Kirby.

*George A. Voss*, for Henry Foster and Effie Totten Overton, administrators c. t. a. of the will of Emory B. Foster, deceased.

*George E. Darling*, for Emily E. Kern, Stella B. Geier and Sadie Stainsby.

*Douglas E. Brown*, special guardian of Henry Foster, an incompetent.

PELLETREAU, S.   Prince H. Foster died July 22, 1895, leaving a last will dated ·November 27, 1891, and codicil thereto dated November 14, 1892.   Both were duly admitted to probate September 25, 1895.

The life tenant, Emory B. Foster, died February 13, 1930.   This matter now comes up on the application of the Babylon National Bank and Trust Company, as successor trustee of a trust created by the said last will and testament for the benefit of Emory B. Foster for life, with remainder over, for the judicial settlement of its account, and a judicial construction of said will.

Adalina Foster, wife of said Prince H. Foster, predeceased him, she having died February 14, 1894.   William G. Nicoll, one of the executors and trustees, died in 1915, leaving Elbridge G. Duvall

as sole surviving executor and trustee; he died July 13, 1926, leaving the said trust incomplete and unexecuted. The trust is now in the hands of the Babylon National Bank and Trust Company aforesaid, as successor trustee by due appointment of this court.

Among other things the will provides as follows:

"*Fourth.* I hereby give and bequeath unto May Foster and Henry Foster, the children of my son Emory B. Foster, the sum of Two thousand five hundred Dollars each.

"*Fifth.* All the rest, residue and remainder of my Estate of any and all kinds, and wherever the same may be situated at the time of my decease, including all the Real Estate of which I may die seized, I hereby give, devise and bequeath unto Elbridge G. Duvall, Counsellor at Law, New York City and to Wm. G. Nicoll of Babylon, Long Island, N. Y. in trust nevertheless, to sell and dispose of the same in their discretion, and to invest and reinvest any and all sums which may arise from such sale, and from the income, profits, or interest which may be derived from my real estate or from any investment which my trustees may make, to pay one equal undivided part or share thereof unto my wife Adalina for and during the term of her natural life, and to pay the other equal undivided part or share thereof unto my son Emory B. Foster, for and during the term of his natural life, such payments to be made in quarterly or in semiannual payments; and for such purposes, that is for effectually carrying out this clause of my said Last Will and Testament, I direct that such income, profit or interest shall be divided into two equal shares or parts.

"*Sixth.* Upon the death of my said son, and of my said wife, the trust herein created shall cease and determine and the said rest, residue and remainder of my said Estate shall be distributed amongst the heirs of my sister, Mary Rhynus, of Dutchess Co., New York, and the heirs of William Foster, of Brooklyn, New York, their heirs and assigns forever, *per stirpes.*

"*Seventh.* Upon the death of my said wife, provided such event happens prior to the death of my said son, he my said son, shall be entitled to the whole of the rent, income and profit of my said Estate during his natural life, but no longer; and in the event of my said son dying leaving my said wife surviving, she shall be entitled to the whole of such rent, income and profit, for and during the term of her natural life, but no longer, for upon the death of my said son and wife my Estate shall be distributed amongst the heirs of Mary Rhynus and William Foster as hereinbefore directed."

Adalina Foster having died, Emory B. Foster became entitled

to the life estate in the trust. Mary Rhynus and all her descendants as well as William Foster predeceased Emory B. Foster. At the date of the death of Emory B. Foster, however, there were then living and now living Hattie Foster Kirby, only child of Francis S. Foster, a deceased son of William Foster aforesaid, also Emily E. Kern, Stella B. Geier and Sadie Stainsby, only children of Smith Foster, a deceased son of William Foster aforesaid.

The " second," " third " and " fourth " provisions of the codicil follow:

" *Second.* I hereby revoke the clause in my said Last Will and Testament marked " fourth."

" *Third.* Unto my trustees named in my said Last Will and Testament, I hereby give and bequeath the sum of Five thousand dollars, upon the trust, nevertheless, that they invest the same and keep the same invested, and pay over the net annual income thereof in quarterly or semi-annual payments unto my Grandson Henry Foster for and during the term of his natural life.

" *Fourth.* Upon the death of my said Grandson Henry said sum of Five thousand Dollars shall become a portion of my residuary estate and distributed as in my said last Will and Testament directed."

The question now is who inherit and in what proportions?

Distribution should be made as of February 13, 1930, the date of the death of the life tenant, Emory B. Foster. Where a life estate intervenes the rule is to determine the distributees as of the termination of such life estate. (*Lyons* v. *Ostrander*, 167 N. Y. 135, 140; *Cromwell* v. *Cromwell*, 55 App. Div. 103, 105 [2d Dept.]; *Matter of Gordon*, 82 id. 439, 440 [2d Dept.].)

Likewise the will directs distribution at that time to the *then heirs* of Mary Rhynus and William Foster. The question, therefore, is who are the heirs of these two persons on February 13, 1930. It would be incongruous to say the testator meant for Henry Foster, who now happens by the lapse of years to be a great nephew of Mary Rhynus, to share in the residuum at [death of Emory B. Foster because he had by his codicil revoked the legacies to Henry Foster and May Foster and instead bequeathed to Henry the income of $5,000 for his life with remainder at his death to fall into his residuary estate and to be " distributed as in my said last will and testament directed." To hold otherwise would make the testator say " to Henry the income on $5,000 for life and on his death I give him all or part of the principal of this $5,000." Testator must have considered that he had taken care of Henry by the life estate in $5,000 and of his father, Emory B. Foster, by the joint and surviving life estate with Adalina Foster, and

that upon the death of Henry the $5,000 and rest of the principal of the estate on death of Emory should go to the heirs of Mary Rhynus and William Foster. It would not be logical to consider the intention of the testator as giving something to someone who could not take it. Consequently the will is construed as passing the residuary estate to the heirs of Mary Rhynus and William Foster as of February 13, 1930. Who these parties are and what the proportional share of each may be is the next question.

William Foster's heirs are traced as follows:

1. Francis S. Foster, son, deceased.
    a. Hattie Foster Kirby, only child of Francis, living.
2. Smith Foster, son, deceased.
    b. Emily E. Kern
    c. Stella B. Geier } children of Smith Foster, living.
    d. Sadie Stainsby

Thus the heirs of William Foster are a, b, c and d, and all being related in the same degree to William Foster all should share equally. The will says division should be made *per stirpes*. But the gift is first to the *heirs* of Mary Rhynus and William Foster living on February 13, 1930. Those heirs take and *per stirpes* only means go to the nearest class of relatives and divide by the total of that class, descendants of a deceased member of such class taking the parents' share. (*Matter of Sampson*, 257 N. Y. 358.) Here no member of the class is dead leaving children, but all are living, *i. e.*, a, b, c and d, so all share equally, taking William Foster's one-half. Thus if William Foster had died intestate on February 13, 1930, a, b, c and d would be his heirs and share equally.

The heirs of Mary Rhynus, excluding Henry Foster, now go back to the William Foster line. William Foster was decedent's uncle. So he was also Mary Rhynus' uncle. Mary Rhynus leaving no children, parents, uncles or aunts on February 13, 1930, her heirs are cousins who are descendants of her uncle William Foster. These cousins are a, b, c and d and under the *per stirpes* rule they are the nearest class of relatives to Mary Rhynus living at her death. All being equally near to her in relationship share equally. *Per stirpes* does not go back past the nearest class. Thus in both William Foster's one-half and Mary Rhynus' one-half the same persons are the heirs and all are equal. The division should, therefore, be one-quarter to each of the following: Hattie Foster Kirby, Emily E. Kern, Stella B. Geier and Sadie Stainsby.

Decree accordingly.