In the Matter of the Estate of NANNIE GORDON THOMAS DUVAL, Deceased.

Surrogate's Court, Suffolk County, December 12, 1932.

*Crawford & Harris*, for the trustee.

*Clark, Carr & Ellis* [*Paul Austin Crouch* and *Donald Adams Powell* of counsel], for Elizabeth Rieman Gordon Duval.

*Nathan O. Petty*, special guardian.

PELLETREAU, S. The sixth paragraph of the will of Nannie Gordon Thomas Duval reads as follows: " Upon the death of each said life beneficiary his or her share shall go to and vest absolutely in such of his or her heirs and next of kin, of my blood, and in such proportions as he or she by last will and testament may lawfully designate and appoint; or, in default of such testamentary act the said shares shall vest in his or her heirs and next of kin, of my blood, equally, *per stirpes*."

Nannie Campbel Gordon Duval Wilcox, the life beneficiary herein, died July 30, 1932. She left no descendants but was survived by her husband, John H. Wilcox. She left surviving no parent, brother or sister, her nearest relatives were and are Elizabeth Lawrence Duval Albert and Hanson Rawlings Duval, Jr., children of a deceased brother, and Elizabeth Rieman Gordon Duval, only child of another deceased brother. Likewise no issue of any deceased nephew or niece survived. The expression " of my blood," qualifying the words " her heirs and next of kin," exclude the surviving husband.

The question now arises whether the two children of one deceased brother are entitled to one-half of the principal and the only child of another deceased brother is entitled to the other half, or whether all three being being equally related to Mrs. Wilcox are each entitled to a third of the whole.

The date of distribution was July 30, 1932, on which date Mrs. Wilcox died. I am of the opinion that the children of decedent's brothers were of equal degree of relation to Mrs. Wilcox and that each takes in her or his own right an equal one-third share of the trust fund.

I believe I am sustained in that conclusion by the decision in *Matter of Sampson* (257 N. Y. 358), and this court has heretofore arrived at the same conclusion in a similar situation (*Matter of Foster*, 144 Misc. 622).

Decree accordingly.