In the Matter of the Estate of BARBARA STROHMER, Deceased.

Surrogate's Court, New York County, October 19, 1933.

*Joseph H. Hayes*, for the administratrix.

*Bergman & Neff*, for the respondents Frank Strohmer and Christopher Exler.

*Thomas E. Murray, Jr.*, special guardian.

DELEHANTY, S. Decedent died intestate on June 4, 1932. Letters of administration were thereafter issued to the accounting administratrix. Question is made respecting the proper distribution of the estate. Decedent left her surviving eight nephews and nieces, children of a brother, and three sisters who predeceased her. Decedent also left surviving her two grandnephews, a grandniece, a great-grandnephew and a great-grandniece, descendants of Josephine Marshall, another niece, who had predeceased decedent. The administratrix proposes to divide the net estate of decedent into nine equal parts, and to distribute to the living nephews and nieces one part each and to pay the ninth part to the descendants of the deceased niece *per stirpes*. Objection is made to this method of distribution by Frank Strohmer, a nephew of decedent and only child of her deceased brother John. His contention is that the estate should be divided into four equal parts, to one of which he is entitled as representative of the brother of decedent who would, had he survived, have been entitled to one-quarter of the estate. In disposing of this controversy consideration is required whether chapter 229 of the Laws of 1929 and chapter 599 of the Laws of 1930 changed the controlling law as theretofore understood.

Prior to the general change in article 3 of the Decedent Estate Law dealing with descent and distribution the distribution of personal property was governed in part by subdivision 5 of section 98 of that law. By chapter 229 of the Laws of 1929 the Decedent Estate Law was generally amended. Various provisions therein were transposed to newly numbered sections, and in general the rules of descent and of distribution were made to conform. In this process, subdivision 5 of section 98 became subdivision 6 of section 83 of the Decedent Estate Law. In its 1929 note to the new subdivision 6 of section 83, the Commission to Investigate Defects in the Law of Estates said among other things: " It is intended to continue the method of distribution of personalty, and to make such method applicable to the descent of real property." This general legislation was by its terms to take effect September 1, 1930, and originally was intended to apply only to estates of persons dying on or after that date. In the interval between the enactment of chapter 229 of the Laws of 1929 and the date when it was to become effective there was presented by the Commission to the Legislature and eventually enacted a bill which became chapter 599 of the Laws of 1930. The effect of this amending act was to replace in the new subdivision 6 of section 83 the theretofore omitted text of subdivision 5 of section 98 with the modifications necessary to include reference to descent as well as to distribution. In making its report on this proposed legislation

which amended chapter 229 of the Laws of 1929, the Commission in 1930 said: " Under the law prior to the taking effect of Chapter 229 of the Laws of 1929, where all of the brothers and sisters were dead, but descendants of deceased brothers and sisters survived, distribution is to them *per stirpes*. Some doubt has arisen as to whether the Commission intended to change the latter provision. No change was intended. It was intended to continue the rule under Section 98, subdivision 5, as it existed before the enactment of Chapter 229 of the Laws of 1929 with the single additional provision, that is to extend the rule in that section to cover the descent of real estate. It was not intended, where *all* the brothers and sisters were dead, leaving descendants, to change the previous rule of law by limiting the class of those who would take to nephews or nieces only and to exclude participation by the children of deceased nephews and nieces (grand-nephews and grand-nieces of the decedent). In order to clarify any question of doubt the old language of subdivision 5 of Section 98, with the inclusion of the word ' descend,' so as to make it applicable to realty, will be restored by this amendment to Section 83, subdivision 6, which is the amended form of former subdivision 5 of Section 98, Decedent Estate Law.

" The Commission therefore intends to continue, what they regard, has been the existing rule that where a decedent leaves no surviving brothers or sisters, but children of deceased brothers or sisters and grand-children or other descendants of deceased brothers or sisters, that descent and distribution shall be *per stirpes* according to the root or stock of the deceased brother or sister."

Counsel for the objecting nephew emphasizes the final paragraph of the quoted 1930 note of the Commission and urges that such final paragraph is conclusive of the intent of the Legislature to establish a rule of distribution differing from that declared in *Matter of Samson* (257 N. Y. 358). The entire note of the Commission makes it plain that no change in the law of distribution was intended. The note says this in so many words. If inadvertently the note contains language which might bear a different interpretation it nevertheless remains the fact that the language actually reinserted in the law by the Legislature was the precise language (except for the change necessary to include reference to descent) which had been in the statute and had been construed over decades. As heretofore stated, there was no interval during which the restored clauses were absent from the law of the State. At no point had the omission prescribed as of September 1, 1930, by chapter 229 of the Laws of 1929, become effective because before the effective date the language had been restored by chapter 599

of the Laws of 1930. It follows that the meaning of subdivision 5 of former section 98 as declared by the courts is the meaning which must be ascribed to the new subdivision 6 of section 83.

In *Matter of Samson (supra)* the Court of Appeals held that where a decedent left surviving as only next of kin two nieces, daughters of a deceased sister, and eight grandnephews and grandnieces, sons and daughters of three deceased nieces, the residue of the estate bequeathed to next of kin was distributable one-fifth each to the surviving nieces, and the remaining three-fifths among the grandnephews and grandnieces *per stirpes*. The court pointed out that the next of kin were of unequal degree and that the nearest class of survivors was that which included the nieces; and held that in such case the nieces took in their own right directly under the statute as members of the nearest class in relationship to the intestate and that grandnephews and grandnieces, being in a degree of kinship further removed, took as representatives of their parents. The court said (p. 361): " Here, no brother or sister survived and the ' stock ' consisted of the class to which the living nieces belonged rather than the class of brothers and sisters all the members of which were dead. The clause in sub-division 5 which reads ' and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degree,' cannot mean, when nieces survive and all brothers and sisters have predeceased the intestate, that the brothers and sisters constitute the ' stock.' "

This quotation from the opinion negatives wholly the argument made by the objecting nephew. As stated in the cited case the law as declared therein has become a rule of property. It has been supported by judicial decisions for more than a century. No basis is shown for holding that there has been a change. The method of distribution proposed by the accounting administratrix is the correct one.

Submit decree settling account as filed.