In the Matter of the Application and Petition of THE CITY OF NEW YORK, Respondent, to Acquire Certain Real Estate at Mohansic Lake and Little Mohansic Lake in the Town of Yorktown, Westchester County, New York, under the Greater New York Charter and Pursuant to Chapter 543 of the Laws of 1925, ■ to Be Acquired for the Sanitary Protection of the Water Supply of the City of New York. (Additional Taking.) SARAH PERCY and EMILIE MAILLOT, Appellants.— Order confirming the report of the commissioners of appraisal unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Judicial Settlement of the Account of THE BABYLON NATIONAL BANK AND TRUST COMPANY, as Successor Trustee of the Trust Created by the Last Will and Testament of PRINCE H. FOSTER, Deceased, for the Benefit of EMORY B. FOSTER for Life, with Remainder Over, and Judicial Construction of the Last Will and Testament of Said PRINCE H. FOSTER, Deceased. THE BABYLON NATIONAL BANK AND TRUST COMPANY, Successor Trustee of PRINCE H. FOSTER, Deceased, Petitioner, and EMILY E. KERN and Others, Respondents; HENRY FOSTER, DOUGLAS E. BROWN, Special Guardian for HENRY FOSTER, an Alleged Incompetent Person, etc., Appellants; HATTIE FOSTER KIRBY, Appellant, Respondent.— Decree of the Surrogate's Court of Suffolk county modified by providing that the principal of the estate be divided in the following manner: One-half to Henry Foster; one-eighth each to Hattie Foster Kirby, Emily Kern, Sally Geier and Sadie Stainsby, and as thus modified the decree is unanimously affirmed, with costs, payable out of the estate, to appellant Henry Foster. The surrogate is directed to enter a decree accordingly. The cross-appeal of Hattie Foster Kirby is dismissed, without costs. When the testator provided in the sixth paragraph of his will that the remainder of his estate should be distributed among " heirs " of decedent's sister and " heirs " of decedent's uncle, the language did not indicate a purpose to exclude any one who answered to the description of an heir of either of the individuals named. The bequest is to two classes, that is, one-half to each class. (*Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125, 129.) Henry Foster, therefore, as nearest heir of Mary Rhynus, deceased, is entitled to receive one-half as his share as such heir. If the testator had intended to exclude him, presumably he would have used apt limiting language to that end. The distribution to the two classes of heirs of the two individuals named is required to be made *per stirpes* to the heirs of Mary Rhynus and William Foster. Henry Foster should take the one-half share given to heirs of Mary Rhynus and the four grandchildren of Francis and Smith Foster should divide equally the one-half share given to " heirs of William Foster; " granchildren being the first class met in that line and the line being unbroken. (*Matter of Samson*, 257 N. Y. 358, 361.) Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.