In the Matter of the Estate of WILLIAM WATSON, Deceased.

Surrogate's Court, Westchester County, October 14, 1937.

*Charles A. Decker* [*Albert B. Maginnes, Leonard A. Blue* and *Louis B. Warren* of counsel], for George E. Watson, William Watson and William W. Caswell, as substituted trustees, petitioners.

*Larkin, Rathbone & Perry,* for the coexecutors of Eliza G. Watson, and George E. Watson, Sr., individually.

*Louis B. Warren,* ancillary executor of Grace Emily Houghton Edwardes, in person.

SHEILS, S. This is a construction proceeding. The substituted trustees under the will of this decedent have requested a construction of his will, particularly with reference to paragraph ninth thereof, and instructions as to the payment of the share of this estate appointed to Maria L. Houghton Power by deed of appointment or passing to her in default of appointment. Subsequent to the institution of this proceeding, the request for instructions was withdrawn.

The decedent, a resident of Westchester county, died on or about September 28, 1877, leaving a will which was admitted to probate on November 19, 1877. In his will he gave his residuary estate to his executors and trustees and the survivor or survivors of them, in trust, to convert the same into money and to divide the proceeds into as many equal shares as he should leave children surviving him and, in case any of his children shall have died before him leaving issue living at the time of his death, then the said number of shares to be increased so as to include one equal share to each of the said deceased children, which said equal shares he gave to his executors and trustees and the survivor of them as follows:

" In Trust Nevertheless, and to and for and upon the following uses, intents and purposes, and with the following powers of and concerning the same, that is to say: to invest each equal share separately, in the same manner as hereinbefore directed and to apply the rents, income and profits of the respective shares allotted to my daughters, (surviving me), that is, one equal share for the benefit of each daughter, as follows; to the use of each daughter during her natural life, the rents, income and profits of her one equal share for her sole and separate use, free from the debts, control and engagements of any husband she may at any time have, in the same manner and with the like effect as if she were a *feme sole*, and upon her death to divide, distribute and pay over the principal of her share, (and I so give, devise and bequeath the same), to her children living at the time of her death, and to the issue then living of any of her children then dead, to be equally divided between them, such issue to stand in the place of his, her or their parent; and in default of such children or issue, then to such person or persons, and in such manner and form, as she, by any instrument in writing in the nature of a Will, or appointment, executed under her hand, in the presence of two witnesses, notwithstanding her coverture, shall limit, direct or appoint; and in default of such limitation, direction or appointment, then to my next of kin under the laws of the State of New York, as if I had died intestate."

The deceased was survived by nine children, his only issue. All have since died. Eliza G. Watson, the last one to die, died on July 13, 1936, leaving no children or issue of deceased children. Pursuant to the power granted by the will, she executed a deed of appointment, dated September 20, 1935, under which she appointed her share of the residuary trust under the will of this decedent to such of her nephews and nieces as should survive her, in equal shares, and to such of the issue who should survive her of her nieces and nephews predeceasing her, in equal parts, *per stirpes*. She left her surviving the following nieces and nephews and issue of deceased nieces and nephews: Maria L. Houghton Power, Annie Houghton, Lydia G. Houghton Hannaford, William W. Caswell, Charles Frederick Watson, Jr., William Watson, III, George E. Watson, these being nieces and nephews respectively; Henry W. H. Houghton, Olive Mary Houghton Hamilton, Lilian Grace Houghton Crowther, Francis Watson Houghton, Gorges Frederick Houghton, these last five being the children of William F. Houghton, a deceased nephew; Maria Eliza Emily de Montravel Edwardes, Violet Grace Maunsell Edwardes O'Riordan, these last two being the children of Grace Emily Edwardes, a deceased niece; John Caswell, II,

Elizabeth Robbins Caswell Choate, these last two being children of John Caswell, the elder, a deceased nephew, Henry Ross Watson, Robert C. Watson, III, these last two being children of Robert C. Watson, II, a deceased nephew.

It will be noted that, under the provisions of both the will and the deed of appointment, futurity is annexed to the substance of the gift, that is to say, the gift is made to those persons or classes of persons coming within the appropriate category *at the date when the distribution is directed to be made.*

The will provides that, upon the death of the beneficiary of the trust, the trustees are to " divide, distribute and pay over the principal of her share, * * * *to her children living at the time of her death, and to the issue then living of any of her children then dead, to be equally divided between them, such issue to stand in the place of his, her or their parent;* and in default of such children or issue, then to such person or persons, and in such manner and form, as she, by any instrument in writing in the nature of a Will, or appointment, * * * shall limit, direct or appoint; and in default of such limitation, direction or appointment, *then* to my next of kin under the laws of the State of New York, as if I had died intestate." (Italics mine.)

The power of appointment provides that, after the death of Eliza G. Watson, her share of the residuary estate of William Watson " shall be paid over by the Trustees of the said Will *to such of her nephews and nieces as shall survive her* in equal shares or if but one of them shall survive her then to such survivor absolutely," with the further provision that if any nephew or niece of Eliza G. Watson shall predecease her leaving issue " *who shall survive her* " (Eliza G. Watson) then and in each such case the issue *her surviving* of such deceased nephew or niece shall take an equal part *per stirpes* the share to which such niece or nephew would have been entitled had he or she *survived* the said Eliza G. Watson. (Italics mine.)

Under the provisions of the will there is no direct gift of the principal of the trust estate but, instead, a direction to divide it *upon the death* of the respective beneficiaries thereof. Undoubtedly it was the intention of the testator that the persons constituting the class of remaindermen should be decided as of the death of the life tenant. In this connection, it is a well-known rule of construction that where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate, contingent, not vested. (*Matter of Crane*, 164 N. Y. 71, 76, citing *Matter of Baer*, 147 id. 348, 354; *Delafield* v. *Shipman*, 103 id. 464; *Delaney* v. *McCormack*, 88 id. 174, 183.)

In *Matter of Baer* (*supra*, at p. 353) the court said: "Where final division and distribution is to be made among a class the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. (*Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Goebel* v. *Wolf*, 113 N. Y. 405, 411; *Teed* v. *Morton*, 60 N. Y. 506; *Matter of Smith*, 131 N. Y. 239, 247.) In such cases the gift is contingent upon survivorship, and if it vests at all before the date of distribution it is subject to be divested by the death before that time of a person presumptively entitled to share in the distribution." (See, also, *Matter of Bostwick*, 236 N. Y. 242, 246; *Matter of Pulis*, 220 id. 196, 204; *United States Trust Co.* v. *Nathan*, 196 App. Div. 126; affd., 233 N. Y. 505; *Eckert* v. *Wilklow*, 26 Misc. 294.)

Section 83 of the Decedent Estate Law, the law in effect at the time of the death of Eliza G. Watson, provides as follows, in part:

"8. Where the distributees of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal.

"9. When such distributees are of unequal degrees of kindred, the whole shall descend and shall be distributed to those entitled thereto, according to their respective stocks; so that those who take in their own right shall receive equal shares, and those who take by representation shall receive the share to which the parent whom they represent, if living, would have been entitled."

The respective stocks are determined by the nearest living blood relatives, and where the persons entitled to take are in unequal degree of kindred, the persons who are in the nearest class take in their own right and form the respective stocks and then the remote relatives take by representation. (*Matter of Samson*, 257 N. Y. 358; *Matter of Prote*, 54 Misc. 495; affd., 133 App. Div. 928; *Matter of Strohmer*, 149 Misc. 219.)

In the instant case the nearest blood relatives are the nephews and nieces of Eliza G. Watson, of which there were originally eleven. Hence, the residuary trust for Eliza G. Watson will be divided into eleven shares. Seven of the nephews and nieces are still living and they will each receive one share *per capita*, and the representatives of the four deceased nephews and nieces will take proportionately the share their respective parent would have taken if living, or *per stirpes*. It is, therefore, determined that the Eliza G. Watson trust fund should be distributed as follows: Maria L. Houghton Power, one-eleventh; Annie Houghton, one-eleventh; Lydia G. Houghton Hannaford, one-eleventh; William W. Caswell, one-eleventh; Charles Frederick Watson, Jr., one-eleventh; William Watson, III, one-eleventh; George E. Watson, one-eleventh;

Maria Eliza Emily de Montravel Edwardes, one-twenty-second; Violet Grace Maunsell Edwardes O'Riordan, one-twenty-second; John Caswell, II, one-twenty-second; Elizabeth Robbins Caswell Choate, one-twenty-second; Robert C. Watson, III, one-twenty-second; Henry Ross Watson, one-twenty-second; Henry W. H. Houghton, one-fifty-fifth; Olive Mary Houghton Hamilton, one-fifty-fifth; Lilian Grace Houghton Crowther, one-fifty-fifth; Francis Watson Houghton, one-fifty-fifth; Gorges Frederick Houghton, one-fifty-fifth.

Submit decree accordingly.