In the Matter of the Estate of LOUISA P. RHODES, Deceased.

Surrogate's Court, Oneida County, November 25, 1938.

*Miles W. Jones*, for the petitioner.

*David B. Lisle*, special guardian for Howard Palmer Sheldon and David Lummus Sheldon, infants.

*Irving H. Gamwell*, for Ruth P. Davis.

RINGROSE, S. The testatrix, Louisa P. Rhodes, died a resident of Oneida county on the 1st day of November, 1930. Her will, dated on November 18, 1924, and codicils thereto dated on December 16, 1925, and December 4, 1926, were admitted to probate by a decree of this court on January 2, 1931.

This is a proceeding by the surviving trustee, The First Citizens Bank and Trust Company of Utica, for the judicial settlement of its account as trustee under the trust created by the eighth clause of the will and for a construction thereof, which is in the following language:

" 8. I give and bequeath unto Lester G. Wauful of Barneveld, N. Y. and First National Bank & Trust Company of Utica, New York the sum of Two thousand dollars ($2,000.00) in trust nevertheless to pay over the income therefrom to my brother Charles L. Palmer so long as he lives and at his death to pay over the principal thereof to his daughters Louise and Ruth Palmer or the survivor."

This clause is not in any manner affected by the subsequently executed codicils.

The *cestui que trust*, Charles L. Palmer, died on the 5th day of July, 1938. Louise Sheldon, *née* Palmer, died on November 28, 1937, intestate, leaving surviving her husband, Howard R. Sheldon, and two infant sons, Howard Palmer Sheldon and David Lummus Sheldon. Her husband is the administrator of her estate.

Ruth Davis, *née* Palmer, is living and claims the corpus of the trust as the sole survivor of the two named remaindermen. Her claim is founded upon the phraseology of this clause of the will, by which it is contended that futurity is annexed to the substance of the gift and that by reason thereof it did not vest until the death of the *cestui que trust*, which is the date of distribution.

This issue is not infrequently raised where the question of survivorship is interposed as to the time of vesting of a remainder over upon the termination of an intervening estate for life or years.

There are two well-settled rules of law, to which reference must be made in the ultimate determination of the issue here presented. The applicability of either to the exclusion of the other is dependent upon the language used by the testator to express her intent.

These canons of construction to which reference is made are succinctly stated in *Matter of Farmers' L. & T. Co.* (189 N. Y. 202, 207) as follows: " Ordinarily, in providing a gift over, in case of the death without issue of a legatee, the time of death, unless a different intent appears, will be held to refer to a death occurring during the lifetime of the testator. But where the disposition of the property which is devised over in case of death is preceded by

a prior estate, for life or years, then the general rule is that the time of death refers to that which occurs during the period of the intervening estate. (*Fowler* v. *Ingersoll*, 127 N. Y. 472; *Lyons* v. *Ostrander*, 167 id. 135, 140.) "

A concise analysis of these two rules is made by Surrogate WINGATE in *Matter of Montgomery* (166 Misc. 347).

It is urged with persuasive zeal on the part of Ruth Palmer Davis that the latter canon of construction is controlling and that the " divide and pay over rule " is applicable to the interpretation of this clause.

Likewise, it is contended with equal force by the special guardian on behalf of the infant parties respondent, that this canon of construction must yield to the intent of the testator inferable from other analogous provisions of the will.

While concurring with the special guardian, this court is not unmindful of the force of the contrary rule and would deem it controlling in the absence of expressed testamentary intent manifesting a contrary purpose.

By the fourth clause of her will the testatrix bequeathed $2,000 to her trustees, " to pay over the income therefrom to my brother, Henry S. Palmer so long as he lives and at his death, to pay over the principal thereof to his daughters Grace, Hattie and Louise or those of them then surviving."

The phraseology of this paragraph is substantially identical with that of the provision before the court, except that she expressly postponed the time of vesting until the date of distribution. By the residuary clause of her will the testatrix disposes of the remainder of her estate to certain named individuals, including both the remaindermen named in the eighth clause, and provides that " the shares of any of the said nieces who shall not survive me to go to those of my said nieces who shall survive me, equally." The intent here expressed conclusively vested the remainder of the estate in the named beneficiaries at the time of her death.

It is impossible to reconcile an interpretation of the eighth clause whereby the time of vesting of the remainder would be postponed until the date of distribution, with the intent clearly manifested in the residuary clause, that the estate vested on the death of the testatrix.

This interpretation is further fortified by the fact that the gift of the remainder under the eighth clause is not to a class, the members of which cannot be determined until the date of distribution (*Matter of Curtis*, 252 App. Div. 256; *Matter of Watson*, 164 Misc. 940: *Matter of Cipolla*, 165 id. 498), but to named beneficiaries, which imports an intent of immediate vesting on the part of the testator.

(*Matter of Herts*, 165 Misc. 738; *Matter of Weaver*, 253 App. Div. 24; *Matter of Crane*, 164 N. Y. 71, 77.)

In *Matter of Crane*, Chief Judge PARKER, in speaking for the court, announces the exception to the general rule to which reference has been made, as follows (on p. 77): " In other words, to state the proposition in familiar phrase, where from the examination of the whole will it is apparent that it was the intention of the testator that the estate should vest in the beneficiaries immediately upon his death, the rule governing where there is merely a direction to divide at a future time must be subordinated to that broader rule which requires that the intention of the testator shall control where it can be ascertained ' within the four corners of the will.' "

The facts herein related necessitate an interpretation of the eighth clause of the will whereby the remainder over at the termination of the intervening estate for life vested upon the death of the testatrix.

Decreed accordingly.