William T. Collins, S.
The trust originally consisted of a parcel of real property and $20,000 in cash. The testator directed that on the death of the life beneficiary without lawful issue surviving her, the fiduciary is 11 to divide, pay over and convey the said Trust property unto my then right heirs.” (Italics added.)
The term “ right heirs ” was used in creating estates tail, and with the abolition of such estates, it has fallen into disuse. As used in this will, it means the same as if the single term “ heirs ” had been used. (Brown v. Wadsworth, 168 N. Y. 225, 237.) The court holds that (1) it was the intent of the testator that the persons who are to take the remainder are those who would be his heirs if he had died on August 21, 1955, the date of death of the life beneficiary; (2) the statute of distribution is to be taken as the standard of division, fixing not only the persons who are to take, but the value of their shares as well (N. Y. Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93, 108); (3) in respect of these remaindermen, there is no substantial difference between the statute in effect at the testator’s death and the present statute, and hence no decision is required as to the particular statute applicable.
The case cited by the special guardian in support of a per capita division among all the descendants of whatever degree (Bisson v. West Shore R. R. Co., 143 N. Y. 125) is not applicable. There the gift was to my “heirs * * * share and share alike ” and the qualifying terms were held to manifest the intent for per capita distribution. (P. 129; see, also, N. Y. Life Ins. & Trust Co. v. Winthrop, supra, p. 106.) The will now before the court lacks any such qualification of the general rule enunciated by Judge Cabdozo in the case last cited.
*380 The ‘ ‘ heirs ’ ’ of the testator as of August 21, 1955 are his living grandchildren each of whom takes an equal share in his own right (Decedent Estate Law, § 83, subd. 8) and the living children of deceased grandchildren who take by representation the share their respective parents would have taken if living (Decedent Estate Law, § 83, subd. 9). “ The ‘ respective stocks ’ * * * are determined by the nearest surviving blood relatives.” (Matter of Sampson, 257 N. Y. 358, 361.) The division is into 12 equal shares. The nine living grandchildren each take one twelfth of the residue in their right; the great grandchildren take by representation through their deceased parents, as follows: Elizabeth Welsh Bickel, the only child of S. Charles Welsh, Jr. (deceased grandchild) one twelfth; Margaret D. Eberl and John G. Devereux, the two children of Anna E. Welsh (deceased grandchild), one twenty-fourth, each; Jean C.. F. Cornwall, Rhoda E. F. Hackler, Peter F. C. Armstrong and Cynthia A. Armstrong, the four children of. William C. Armstrong (deceased grandchild), one forty-eighth each. (Matter of Watson, 164 Misc. 940, 944; Matter of Prote, 54 Misc. 495, affd. 133 App. Div. 928.) The present statute (Decedent Estate Law, § 83, subds. 8, 9) is substantially the same with respect to such descendants as the law in effect in 1876 when the decedent died, and for many years prior thereto. (Rev. Stat. of N. Y., part II, ch. II, tit. 2, §§ 2, 4, relating to realty; and 2 Rev. Stat. of N. Y., part II, ch. VI, tit. 3, § 75, subds. 9, 10, relating to personalty; see, also, L. 1909, ch. 18, §§ 82, 83, and § 98, subds. 10, 11; combined by L. 1929, ch. 229, see Combined Reports of the Decedent Estate Commission, Reprint, pp. 193, 199.)
There being no objection to the abandonment of the deficiency judgment against Pearl Ackerman, the petitioner will be discharged of all liability in respect of such judgment.
Submit decree on notice construing the will accordingly.