S. Samuel DiFalco, S.
In this proceeding to settle its account the surviving trustee has requested a construction of the testator’s will in order to determine the persons to Avhom certain trust remainders are noAv distributable.
The testator died ón June 11, 1918 leaving a Avill dated May 29,1913 and a codicil thereto dated April 7, 1916, both of which were duly admitted to probate in this court. He was survived by four children and two grandchildren, the children of a predeceased daughter. Under the terms of the will and codicil each of the surviving children received $10,000 either outright or in trust and one of his tAvo grandchildren received $5,000 outright and the other received $5,000 in trust. In addition to these provisions for his children and grandchildren the decedent divided his residuary estate into five equal parts creating trusts for the joint lives of each of his children and his wife as to four of such parts and for the joint lives of his grandchildren and his wife as to the remaining part. With respect to each residuary trust the testator provided that upon the death of both life tenants the principal of the trust fund was to go to the surviving lawful issue of the children or grandchildren for whom the trust was created and further provided that if any of his children or grandchildren should die leaving no issue or descendants surviving that the principal of the trust for such child or grandchild was to be distributed by his trustees among his, the testator’s then surviving next of kin, per stirpes and not per capita. The issue presented in the case at bar arises because of the death of the testator’s daughter Florence M. J. Hilke who died without issue on February 14,1964.
*150 At the time of her death none of the testator’s children wore alive but there were and are seven grandchildren and two great-grandchildren in existence who would constitute the decedent’s next of kin at the time of Florence’s death. Distribution through testator’s children on a per stirpital basis would mean that the trust remainders would be divided into four parts with the grandchildren and great-grandchildren taking their shares through their respective parents by representation. Distribution to next of kin alive at Florence’s death on a per stirpital basis would require division of the trust remainders into eight parts with four of such parts going to the children of one deceased child.
The pertinent text of paragraph Second of the codicil reads: “ In case of the death of said Florence M. Johnson Hilke leaving no issue her surviving said trust fund of Ten thousand Dollars ($10,000) shall, upon her death, be distributed and paid to my then living next of kin, per stirpes and not per capita.” The text in question in paragraph Fifth of the codicil reads: “ Should my said daughter Florence M. Johnson Hilke die leaving no issue or descendants her surviving, I direct that, at the expiration of the term of said trust, the principal of said trust fund be distributed by my said trustees among my then surviving next of kin, per stirpes and not per capita.”
The expressions, “my then living next of kin, per stirpes, and not per capita,” and “ my then surviving next of kin, per stirpes, and not per capita ” as used by the testator are unfortunately subject to more than one interpretation and have created a Iitigable uncertainty which requires clarification. Did the testator mean that these trust remainders were to be distributed among his children or their issue, per stirpes, determined as of the date of his death or, did he mean that these trust remainders were to be distributed among the class of persons constituting his next of kin, determined as of the date of Florence’s death as though he, the testator, had died on that day?
A reading of the entire will discloses quite clearly that equality of distribution among the testator’s children and their issue upon a per stirpital basis was the keystone arch of the testator’s testamentary plan. It is difficult to believe that after meticulously providing for equal distribution among the five branches of his family that he abandoned this concept of equality in providing for the distribution of the trust remainders if a life beneficiary died without issue. This court is, therefore, not persuaded by the reasoning of the four respondent grandchildren who are the issue of one of his deceased children,, that equality *151 of distribution requires a distribution that begins with them and the other grandchildren as the rootstocks.
In the absence of an express contrary intent “heirs” or “next of kin ” are determined as of the date of the testator’s death (Nelson v. Russell, 135 N. Y. 137; Matter of Bump, 234 N. Y. 60; Matter of Smith, 42 Misc 2d 1081). Although such a contrary intent would appear to be set forth in paragraph Seventh of the codicil a close reading of that paragraph again discloses the testator’s intent to make an equal per stirpes distribution through his children. Therein the testator provided: “ Wherever provision is made by this, my last Will and Testament, for the division and distribution of any of my estate or any portion of any trust fund or trust estate created hereunder to my next of kin living at the time of my death, or at the time of the division and distribution of said trust fund or trust estate, it is my wish and I direct that the term ‘ next of kin ’ shall be defined and determined by the present laws of the State of New York, and that my trustees hereinafter named make division and distribution of the trust estate to the person or persons entitled to receive the same as such next of kin.” Had the testator used the expression “ my then living next of kin ” or “ my then surviving next of kin ’ ’ and stopped there, the intent to make a distribution of the trust remainders upon failure of issue among those persons who as a class constituted the testator’s next of kin on the date of death of Florence as though the testator had survived to that date might have been established (Matter of Samson, 257 N. Y. 358; New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93). However, the testator’s addition to these phrases of the words “ per stirpes and not per capita ” and his reference to the “ present laws of the State of New York ” cannot be ignored and clearly indicate that the testator was thinking of his next of kin as of the time the will was drawn and not of a class of persons who might be in existence at the time of his daughter’s death.
Our courts have repeatedly affirmed the rule that ‘‘ The search ■for intent is the first and foremost canon of the construction of a will and all other rules of interpretation are subordinate to it. When ascertained, it must prevail. (Matter of Buechner, 226 N. Y. 440, 444.) It is the controlling factor, provided it does not conflict with public policy or some prohibition of statute.” (Matter of Baker, 174 Misc. 93, 96; see, also, Williams v. Jones, 166 N. Y. 522; Chew v. Sheldon, 214 N. Y. 344.)
When, as in the case at bar, the testator’s intent has been clearly manifested this court can find no cogent reason for nulifying that intent (Eidt v. Eidt, 203 N. Y. 325, 328). If any of the *152 testator’s children had survived their sister Florence no construction would be required. Each of the other trusts which have already been terminated by reason of the death of the testator’s children has been distributed to the surviving issue of the deceased child pursuant to the testator’s expressed intent, and the fact that none of such children survived their sister Florence should not serve as a reason for frustrating the testator’s testamentary plan. The court directs, therefore, that the trust remainders be distributed per stirpes in four equal parts to the testator’s grandchildren and great-grandchildren through their parents who constituted the testator’s next of kin upon the date of his death.