[821 NYS2d 733]

In the Matter of THE CONSTRUCTION AND DIVISION OF THE TRUST FOR THE BENEFIT OF MARY EDITH FUSSELL, Respondent, and E. ROBERT FUSSELL, Appellant, Under an Agreement With EDITH H. WOODWARD, Dated December 21, 1950. ELIZABETH RACINE et al., Appellants.

Fourth Department, September 29, 2006

APPEARANCES OF COUNSEL

*Williams & Williams*, Rochester (*Mitchell T. Williams* of counsel), for E. Robert Fussell, appellant.

*Forsyth & Forsyth*, Rochester (*Scott A. Forsyth* of counsel), for Elizabeth Racine and another, appellants.

*Boylan, Brown, Code, Vigdor & Wilson, LLP*, Rochester (*John M. Wilson, II*, of counsel), for respondent.

## OPINION OF THE COURT

SCUDDER, J.

Edith H. Woodward (settlor) established an inter vivos trust by a trust agreement dated December 21, 1950. The trust agreement provides, inter alia, that the trustee is

> "to pay the net income therefrom to [settlor's niece,] MARY JANE BISHOP FUSSELL[,] during her lifetime and upon her death to pay the net income therefrom . . . to the use of her issue who may be living from time to time in equal shares *per stirpes* . . . . Upon the death of the survivor of Mary Jane Bishop Fussell and [her daughter,] Mary Edith Fus-

sell[,] this trust shall terminate and the Trustee shall pay over the principal thereof to the issue then living of said Mary Jane Bishop Fussell in equal shares *per stirpes* . . . ."

Mary Jane Bishop Fussell died on April 9, 1959, and the net income of the trust presently is being paid in equal shares to her two children, the parties herein: petitioner, Mary Edith Fussell, and objectant, E. Robert Fussell. Pursuant to the terms of the trust, it is to terminate at petitioner's death.

Petitioner commenced this proceeding seeking a division of the trust into two share trusts pursuant to EPTL 7-1.13 (a) (3), and seeking a construction of the remainder provision of the trust. Surrogate's Court granted the petition, construing the remainder provision of the trust and dividing the trust into two separate trusts for the benefit of the respective parties. Pursuant to the Surrogate's decision, the principal of petitioner's trust is to pass to the issue of petitioner upon her death, and the principal of objectant's trust is to pass to the issue of objectant upon his death. For the reasons that follow, we conclude that the decree should be reversed and the petition dismissed.

The parties agree that the trust terminates at petitioner's death and that, in the event that petitioner predeceases objectant, the principal of the trust will be divided equally between objectant and petitioner's issue, unless petitioner is not survived by issue, in which event the principal of the trust will pass to objectant. The parties disagree, however, with respect to the manner in which the principal will be divided among the remainderpersons, i.e., the issue of the parties, in the event that objectant predeceases petitioner, leaving no living members in the parties' generation when the trust terminates.

In seeking a construction of the remainder provision of the trust agreement, petitioner alleged that, in the event that objectant predeceases her, one half of the principal will pass to her issue, i.e., her daughter, and the other half will pass to objectant's issue, i.e., objectant's three children, each of whom will receive one third thereof. In his objections to the petition, objectant alleged that, in the event that he predeceases petitioner, the principal will be divided so that his children and petitioner's daughter will each receive a one-quarter share of the principal. At the time of the proceedings, petitioner's daughter was 18 years old, and objectant's three children all had children of their own.

# I

We note at the outset that, because the petition fails to set forth "an adequate reason . . . indicating [a] present need for a construction" (*Matter of Lederer*, 4 AD2d 623, 625 [1957]), the Surrogate erred in granting that part of the petition seeking a construction of the remainder provision of the trust (*see Matter of Mount*, 185 NY 162, 166-170 [1906]; *Matter of Swett*, 52 AD2d 330, 333-335 [1976]; *cf. Will of Duke*, NYLJ, Sept. 11, 1996, at 22, col 2).

In any event, we conclude that the Surrogate's construction of the remainder provision is in error. The Surrogate determined that the "[t]he dominant intention of [the] settlor was to effect an equal division of the remainder between the [p]etitioner's family and the [o]bjectant's family after the death of the surviving life tenant," which in this case is petitioner. The Surrogate thus concluded that, in the event that objectant predeceases petitioner, upon the death of petitioner her issue will receive one half of the remainder, and objectant's issue will share the other half.

As previously noted, the trust agreement provides that, upon the death of petitioner, the principal is to be paid over to "the issue then living of said Mary Jane Bishop Fussell in equal shares *per stirpes*." The literal meaning of the Latin term per stirpes is " 'by roots or stocks' " (Black's Law Dictionary 1181 [8th ed 2004]; *see* Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 1-2.14, at 36). The Surrogate determined that, in the event that objectant predeceases petitioner, the generation containing petitioner and objectant is the stock, and the principal therefore will be divided equally at that generational level upon petitioner's death and will then pass to the respective issue of petitioner and objectant. That was error. Rather, because the stock is the generational level containing a living member closest to the deceased ancestor from which the distribution is measured, i.e., Mary Jane Bishop Fussell (*see* EPTL 1-2.14), only if objectant survives petitioner does the trust terminate with a member of that generation still living, and in that event the division of the principal will be effected at that generational level. In the event that objectant predeceases petitioner, leaving no living member in that generation at petitioner's death, and assuming that at least one of the children of petitioner and/or objectant is living at the time of petitioner's death, we conclude that the stock is the generation containing the children of petitioner and objectant, "the nearest

surviving blood relatives" to Mary Jane Bishop Fussell (*Matter of Samson*, 257 NY 358, 361 [1931]; *see* EPTL 1-2.14).

Pursuant to EPTL 1-2.14,

"[a] per stirpes disposition or distribution of property is made to persons who take as issue of a deceased ancestor [, here, Mary Jane Bishop Fussell,] in the following manner:

"The property so passing is divided into as many equal shares as there are (i) surviving issue in the generation nearest to the deceased ancestor which contains one or more surviving issue and (ii) deceased issue in the same generation who left surviving issue, if any. Each surviving member in such nearest generation is allocated one share. The share of a deceased issue in such nearest generation who left surviving issue shall be distributed in the same manner to such issue."

We note that EPTL 1-2.14 was codified in 1966 and "essentially reenacted its confusing predecessor, Decedent Estate Law § 83 (10)," which was enacted in 1929 (Turano, Practice Commentaries, at 36). Section 1-2.14 was amended in 1992 following the recommendation of the EPTL Advisory Committee that the meaning of per stirpes be clarified, although it must be emphasized that the clarification of the statutory language did not change the well-settled law with respect to the meaning of per stirpes (*see* 1st Report to Legislature of EPTL Advisory Comm, at 17-18).

We thus conclude that, in the event that objectant predeceases petitioner and all of the children of petitioner and objectant are living, the principal will be divided in equal shares between the children of the parties, i.e., in a per capita manner (*see generally* EPTL 1-2.11), inasmuch as that generational level is the stock (*see* EPTL 1-2.14; *Matter of Foster*, 144 Misc 622 [1932], *mod on other grounds* 242 App Div 796 [1934], *affd* 270 NY 624 [1936]; *Samson*, 257 NY at 361-362; *Matter of McKeon*, 25 Misc 2d 850, 852-853 [1960]; *see also Estate of Magnor*, NYLJ, Mar. 29, 2000, at 32, col 5). In the event that any of those children is deceased and has surviving issue, then the share of the deceased member of the stock will pass to his or her issue (*see* EPTL 1-2.14).

## II

We further conclude that the Surrogate erred in granting that part of the petition seeking the establishment of two separate

trusts, one for the benefit of petitioner and her issue and the other for the benefit of objectant and his issue, because to do so is "directly contrary to the primary purpose of the trust" (EPTL 7-1.13 [a] [3]). Petitioner sought the establishment of separate trusts in order to ensure that her daughter would receive a one-half share of the principal of the trust upon petitioner's death and, in addition, to permit the trustee to make adjustments between income and principal to meet her financial needs, and to permit her to seek distributions from the principal in a proceeding pursuant to EPTL 7-1.6 (a). We of course recognize that, where, as here, the parties have different financial needs and investment priorities and there is an acrimonious relationship between the parties, the Surrogate has the authority to establish separate trusts (*see* Sponsor's Mem in support of L 1995, ch 523, 1995 NY Legis Ann, at 393-394). Nevertheless, we conclude in this apparent case of first impression at the appellate level that the Surrogate's authority pursuant to EPTL 7-1.13 (a) (3) is limited to the extent that the settlor's primary purpose in establishing the trust shall not be altered by the division of the trust into separate trusts (*see Matter of Joseph Heller Inter Vivos Trust*, 161 Misc 2d 369, 371 [1994]; *Estate of Feder*, NYLJ, Feb. 7, 2001, at 28, col 3). Indeed, as noted above, EPTL 7-1.13 (a) (3) permits the establishment of separate trusts "for any reason not directly contrary to the primary purpose of the trust."

The Surrogate herein recognized that limitation but nevertheless determined that the division of the trust is not contrary to the primary purpose of the trust, which he interpreted to be "a clear division both of income and principal between the two branches of the family." We note that the Surrogate's interpretation of the per stirpital distribution of the remainder would effect that interpretation of the primary purpose of the trust and, thus, under the Surrogate's interpretation, the primary purpose of the trust would not be altered. We conclude, however, that the primary purpose of the trust is to provide the income to Mary Jane Bishop Fussell and then to her issue until "the death of the survivor of Mary Jane Bishop Fussell and [petitioner]," at which time the principal is to be divided between the issue of Mary Jane Bishop Fussell per stirpes. There is no provision in the trust agreement entitling an income beneficiary to invade the principal, although petitioner seeks to do so.

We thus conclude that, pursuant to the primary purpose of the trust, petitioner and objectant, or his issue if he predeceases

petitioner, are to share the income of the trust and, at petitioner's death, the principal is to be divided between the remainderpersons, i.e., the "issue then living of said Mary Jane Bishop Fussell," per stirpes. Petitioner sought a division of the trust into separate share trusts in order to ensure that her daughter would receive a one-half share of the principal of the trust upon petitioner's death, to permit the trustee to make adjustments between income and principal to meet her financial needs, and to allow for the opportunity to seek court approval to invade the principal of the trust. We conclude that those objectives are directly contrary to the primary purpose of the trust, which is to provide income to Mary Jane Bishop Fussell and her issue and then, at the termination of the trust, to divide the principal between her issue, per stirpes.

## III

Accordingly, we conclude that the decree should be reversed and the petition dismissed.

HURLBUTT, J.P., GORSKI and GREEN, JJ., concur.

It is hereby ordered that the decree so appealed from be and the same hereby is unanimously reversed, on the law, without costs, and the petition is dismissed.