Matter of HSBC Bank USA, N.A. (Campbell)
2026 NY Slip Op 02750
May 1, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF HSBC BANK USA, N.A., FORMERLY KNOWN AS THE MARINE TRUST COMPANY OF BUFFALO, AS TRUSTEE OF THE TRUST UNDER ARTICLE FIRST OF THE TRUST AGREEMENT DATED DECEMBER 29, 1934, TRUSTEE, PETITIONER-RESPONDENT, FOR THE JUDICIAL SETTLEMENT OF THE INTERMEDIATE AND FINAL ACCOUNTS AS TRUSTEE OF TRUST BY MARJORIE KNOX CAMPBELL, GRANTOR. GRACIA E. CAMPBELL, CLARISSA L. VAIDA AND HEATHER B. BYRNE, RESPONDENTS-APPELLANTS; BENJAMIN K. CAMPBELL, MELISSA C. ENGLAND, ALEXANDRA F. SECOR, PETER C. FLICKINGER, SHARON KNOX DOUGLAS AND MARJORIE K. DILLON, RESPONDENTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on May 1, 2026
209 CA 25-00060
Present: Lindley, J.P., Bannister, Greenwood, Nowak, And Hannah, JJ.

LAWRENCE J. KONCELIK, EAST HAMPTON, FOR RESPONDENTS-APPELLANTS.
LIPPES MATHIAS LLP, BUFFALO (COURTNEY DONAHUE TASNER OF COUNSEL), FOR RESPONDENTS-RESPONDENTS BENJAMIN K. CAMPBELL AND MELISSA C. ENGLAND.
MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR RESPONDENTS-RESPONDENTS SHARON KNOX DOUGLAS AND MARJORIE K. DILLON.

Appeal from an order and decree (one paper) of the Surrogate's Court, Erie County (Acea M. Mosey, S.), entered November 26, 2024. The order and decree made a final disposition of trust assets.
[*1]
It is hereby ORDERED that the order and decree so appealed from is unanimously reversed on the law without costs and the matter is remitted to Surrogate's Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner, HSBC Bank USA, N.A., formerly known as the Marine Trust Company of Buffalo, trustee of the trust of Marjorie Knox Campbell (grantor), commenced this proceeding for the final judicial settlement of the trust account and for construction of the trust to determine how to distribute the remainder of the trust fund to the grantor's 10 grandchildren. The grantor created the trust in December 1934, when she had three children. The trust provides that it is to terminate upon the death of the grantor's first- and third-born children, and its proceeds distributed. The grantor's second-born child was not a measuring life for the termination of the trust. The grantor died in 1971. The trust terminated in April 2023 when the grantor's first-born child, the final trust-measuring life, died. At that time, all three of the grantor's children were deceased. The grantor's children were survived, collectively, by 10 children, i.e., the grantor's grandchildren. Construing the distribution provision of the trust, Surrogate's Court determined that because the grantor had three children, the trust remainder must be divided into three equal shares, with the children of each pre-deceased child of the grantor taking equal shares of their predeceased parent's one-third share. Three of the grantor's grandchildren, i.e., respondents-appellants (respondents), appeal, and we reverse.
"It is well settled that 'the trust instrument is to be construed as written and the settlor's [*2]intention determined solely from the unambiguous language of the instrument itself' " (Matter of Chase Manhattan Bank, 6 NY3d 456, 460 [2006]; see Golden Gate Yacht Club v Société Nautique de Genève, 12 NY3d 248, 255 [2009]; Massey-Hughes v Massey, 200 AD3d 1684, 1686 [4th Dept 2021]; Matter of HSBC Bank USA, N.A. [Knox], 98 AD3d 300, 314 [4th Dept 2012], lv dismissed 20 NY3d 1056 [2013]). If the language of the instrument is ambiguous, a court may resort to extrinsic evidence (see Massey-Hughes, 200 AD3d at 1686); otherwise, "the governing instrument reigns supreme" (HSBC Bank USA, N.A., 98 AD3d at 314 [internal quotation marks omitted]).
We agree with respondents that the Surrogate erred in her construction of the operative distribution provision in the trust. That provision states that, upon the death of the final measuring life, "the trust hereby created shall cease and terminate, and the Trustee[ ] shall thereupon transfer and deliver the property then constituting the trust fund unto the then surviving child or children of the Grantor and the lawful issue then surviving of any deceased child or children of hers, in equal shares, per stirpes and not per capita, and if there shall be no such surviving child or children or issue, the said property shall be transferred and delivered to the persons entitled to take as distributees of the Grantor as then determined by the intestate laws of the State of New York, such determination to be made as if the Grantor had died on the date of the termination of the trust" (emphasis added). Inasmuch as the children of the grantor are all deceased, the governing language of that provision is that the trustee shall transfer the remainder of the trust unto "the lawful issue then surviving of any deceased child or children of hers, in equal shares, per stirpes and not per capita." The language of the provision is unambiguous inasmuch as it is clear that only surviving persons can be distributees of the trust proceeds. Inasmuch as the grantor's children are all deceased, the grandchildren are the first generation of surviving members from which the branches of the per stirpes distribution flow (see EPTL 1-2.14; Matter of Fussell, 34 AD3d 164, 168 [4th Dept 2006]). Thus, the trust proceeds should be distributed to the grantor's grandchildren per stirpes, or one-tenth share, each. We therefore reverse the order and decree and remit the matter to Surrogate's Court for further proceedings consistent with this decision.
Entered: May 1, 2026
Ann Dillon Flynn
Clerk of the Court